CASE 52—ACTION FOR DAMAGES FOR PERSONAL INJURIES—APRIL 12.

# Becker v. L. & N. R. R. Co.

APPEAL FROM LINCOLN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

RAILROADS—DUTY TO TRESPASSER ON BRIDGE—CONTRIBUTORY NEGLIGENCE—PEREMPTORY INSTRUCTION.

Held: 1. Plaintiff, a boy twelve or fourteen years of age, was not guilty of contributory negligence in remaining on a railroad bridge, after he saw a train approaching, for the purpose of rescuing one of his companions, a girl about the same age, who had fallen between the ties.

2. If the engineer saw plaintiff in time to have so slackened the speed of the train as to enable plaintiff to reach the end of the bridge in safety, he was guilty of negligence in failing to do so, though plaintiff was only a trespasser; there being no other means of escape for plaintiff.

3. As the engineer, if he was on the lookout, must have seen plaintiff and his companions in time to so slacken the speed of the train as to enable plaintiff to escape, and it is not to be presumed that he would have gone upon the bridge without looking to see whether it could be crossed in safety to the crew, the question as to whether the engineer did see the children in time to slack-

Becker v. L. & N. R. R. Co.

en the speed of the train so as to save plaintiff was for the jury, especially as some one was seen to look out of the cab of the engine towards the bridge as the train approached.

ROBERT HARDING, ATTORNEY FOR APPELLANT.

JOHN W. RAWLINGS AND EMMET V. PURYEAR OF COUNSEL.

The only question to be determined on this appeal is the correctness of the ruling of the court in giving peremptory instructions to the jury to find for the defendant at the close of plaintiff's testimony. The plaintiff, a lad of seventeen years of age, in company with Mary Vanarsdall, a girl of twelve years of age, and some other younger children, was crossing appellee's bridge in Lincoln county over Knob Lick creek, and had gotten half way across when he and they discovered appellee's freight train approaching the bridge at the speed of twenty or twenty-five miles per hour. The bridge was —— feet long and —— feet from the water so that no way of escape was open to these children, except to run to one or the other edge of the bridge. After discovering the approaching train, plaintiff (appellant) had ample time to have gone to either end of the bridge and escaped unharmed. All the other children except Mary Vanarsdall and appellant did so, and escaped uninjured.

But appellant yielding to that higher and better nature that commends itself to our admiration, became unmindful of his own peril, remained on the bridge bending every energy of his youthful form and feeling of his humane heart, to rescue the helpless and frightened twelve year old girl from impending death. She, paralyzed with fear, had fallen on the bridge, and while appellant remained making every exertion to carry her out of danger, appellee's employes without the slightest concern as to the result of appellant's heroic struggle, recklessly ran the train upon the bridge, killed the girl and knocked the appellant therefrom.

The proof shows that the employes on the engine saw the children on the bridge from three hundred to three hundred and twenty yards away, as the engine came around a curve running at the rate of twenty to twenty-five miles an hour and on an up-grade which extends to the bridge. The proof shows that the train could have been stopped under the circumstances in two hundred yards and thereby the injury to appellant and the killing of the child avoided.

The lower court conceded that the proof showed the train could have been stopped after appellee's employes saw appellant's danger in time to have avoided the injury, but held that.

appellant was guilty of such contributory negligence in remaining on the bridge to rescue her, that defeated his right of recovery.

It is a well-settled principle of law that after appellee's employes discovered the peril of the appellant and the child upon the track and bridge they were required to use all reasonable means at their command to avoid injuring them.

L. & N. R. R. Co. v. Coleman, 86 Ky., 556; Shackelford v. L. & N. R. R. Co., 84 Ky., 43; L. & N. R. R. Co. v. Dolph, 13 Ky. Law Rep., 432; C. & O. R. R. Co. v. Perkins, 13 Ky. Law Rep., 610.

It is also a well-settled principle of law that one who perils his own life, in an honest effort to rescue another from danger, is not chargeable with contributory negligence, and if as in this case appellant imperilled his life by remaining on the track and bridge to rescue the child from danger and injury that could have been avoided by appellee, his right to recovery can not be defeated on the ground of contributory negligence.

Shearman & Redfield on Negligence, sec. 85, vol. 1; Eckert v. Long Island R. R. Co., 43 N. Y., 502 Lenneahan v. Sampson, 126 Mass., 506; Donneho v. Wabash, &c., R. R. Co., 83 Mo., 560; Thompson on Negligence, sec. 22, vol. 2, p. 1174; Beach on Contributory Negligence, sec. —, p. 58; Clarck v. Famous Shoe & C. Co., 16 Mo. App., 463; Spooner v. Delaware, &c., R. R. Co., 115 N. Y., 22; Peatron v. Texas Pac., &c. Co., 41 La. Ann., 861; Cottrell v. Chicago, &c., R. Co., 47 Wis., 634; Penn. Co. v. Raney, 89 Md., 453. So that we confidently submit both upon principle and authority the lower court erred in taking this case from the jury under the evidence.

CHAS. R. McDOWELL AND J. W. ALCORN, FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. A railroad company is not liable for an injury by its train to a trespasser on its track, unless it appears that those in charge of the train, after discovering the danger to the trespasser, could, by the exercise of proper care, have avoided the injury. L. & N. R. R. Co. v. Howard, 82 Ky., 212; Shackelford v. L. & N. R. R. Co., 84 Ky., 43; Johnson v. L. & N. R. R. Co., 91 Ky., 653.

## EXPERTS AS WITNESSES.

2. The fact that a person has had experience as a brakeman on a railroad train does not qualify him to testify as an expert as to the distance within which a train can be stopped at a particular

place when he has never seen a train stopped at that place. Greenleaf on Evidence, vol. 1, sec. 440, and note; A. & E. Ency. of Law. Subject, Expert and Opinion Evidence (and notes).

3. *Rescuer*, if guilty of rashness, is chargeable with contributory negligence. E. & C. R. R. Co. v. Hiatt, 17 Ind., 102; Donneho v. Wabash R. R. Co., 83 Mo., 560; Eckert v. L. I. R. R. Co., 43 N. Y., 502.

4. Next friend to be adjudged to pay costs if his action fails. Ky. Statutes, sec. 893; Civil Code, sec. 37, sub-sec. 2.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

It is substantially alleged in the petition that one Mary Vanarsdale, an infant between twelve and fourteen years of age, was upon the railroad bridge of the defendant at said time and place, and in front of said approaching train, and in great danger and peril of being run over by said train, and was placed in said danger and peril aforesaid by the gross negligence of defendant in failing to slacken said speed of said train after it became aware of her presence on said track and bridge, and by the gross negligence of the defendant in failing to stop said train after it became aware of her presence on said track and bridge, and by the gross negligence of the defendant in the operation of said train after it became aware of her presence thereon, and that defendant became aware of her presence on said bridge in ample time to slacken the speed of said train to avoid running over and upon her and relieve her of said danger and peril. It is further alleged that plaintiff, Becker, undertook to rescue the said Vanarsdale from her peril and danger, and to enable her to escape from being killed by said train by the gross negligence of defendant, and in his efforts to rescue said Vanarsdale, and while he was endeavoring to do so, the train ran over him, knocking him from said bridge, and permanently injuring him, to the damage of $5,000, for which he prayed judg-

ment. The answer denies that on the occasion mentioned it could have slackened the speed of its train any more than it did after it became aware of the presence of said Vanarsdale and plaintiff, or that after it became aware of their presence on the bridge it could have avoided running over them. Denies any negligence at all. The answer may also be treated as pleading contributory negligence upon the part of the plaintiff. It is also pleaded that neither plaintiff nor Vanarsdale had any right to be upon the bridge in question. The affirmative averments of the answer were properly denied by reply. After the pleadings were made up, and various motions disposed of, which we deem it unnecessary to notice, the trial was entered into; and at the conclusion of plaintiff's testimony the court, upon motion of defendant, instructed the jury peremptorily to find for the defendant, which was accordingly done. And, plaintiff's motion for a new trial having been overruled, he prosecutes this appeal.

The sole question presented for decision is whether the plaintiff was entitled to have the case submitted to the jury, or, in other words, was there sufficient evidence from which the jury might find a verdict for the plaintiff? It appears from the evidence in this case that five children, to-wit, Ed Hunn, Katie Hood, Lillie Owens, Mary Vanarsdale, and plaintiff, the ages of whom are about as follows: Lillie Owens, between eight and nine; Ed Hunn, in his fourteenth year; Kate Hood, about fifteen; Mary Vanarsdale, between twelve and thirteen; and the plaintiff, in his fourteenth year—had gone to the creek for the purpose of fishing, and, not being satisfied with the first point they reached, decided to go to another place, and, to reach it, decided to cross the creek on the railroad bridge, and while crossing it they heard or by some means became aware of the

approaching freight train, and at once made an effort to get out of the way of the train, by continuing to cross the bridge to the other side of the creek. Three of the party escaped, but Miss Vanarsdale, it seems fell through between the ties or bars of the bridge; and the plaintiff, who seems to have been her escort, sought to rescue her, and perhaps pulled her up once out of the opening in which she had fallen, but she again fell into another, and as the result of this delay she was killed, and the plaintiff suffered the injuries sued for in this action.

It is the contention of appellee that plaintiff had no right to be on the bridge, and that it owed him no duty until after it discovered his peril, which it claims it did not do in time to avoid the injury; also that he was guilty of such contributory negligence as to bar his right to recover. It is evident that it was the legal right as well as the moral duty of the plaintiff to remain with and seek to rescue his companion, and, so far as that question is concerned, the law seems to be well settled that he was not guilty of any contributory negligence for remaining on the said bridge for the purpose of saving the life of his companion.

It is the contention of appellant that the defendant or its agents discovered those parties upon the bridge in ample time to have slackened the speed of the train so as to enable the plaintiff to have avoided the danger. The evidence conduces to show that the engineer could see the whole bridge from a distance of 960 feet, and one standing on the track at the bluff can see the whole length of the bridge for 320 yards; that a man in the cab could see the bridge 120 feet further back. The proof also conduces to show that a man in the cab could see the bridge 120 feet further back than if on the ground. It is also evident from the proof that for a considerable distance from the

bridge it is up grade in reaching the bridge in question. There is also some proof tending to show that some one on the engine was seen to put his head out, as if looking toward the bridge, at some distance from it. It seems to us, from the evidence, that the jury were authorized to believe and to have found that the defendant's agents and servants saw those children upon the bridge in ample time to have so slackened the speed of the train as to enable them to have escaped the danger. There is hardly room to doubt this, from the map and evidence filed in this action. It is not at all reasonable to suppose that the defendant, if it had a right to do so, was indifferent as to the condition of the bridge it had to cross. It can hardly be presumed that the defendant would not feel enough of interest in its own train and those aboard to risk running on the bridge without looking to see whether the bridge was in a condition to be crossed in safety to the crew, and if the defendant was on the lookout it must have seen those children in time to have slackened the speed of the train and thus have prevented the injury. The reasonable conclusion is that the children were seen, but the defendant supposed that they had ample time to complete the crossing of the bridge and thus escape injury, which the proof evidently shows they would have done but for the misfortune of Miss Vanarsdale in falling between the ties or bars of the bridge. If it be conceded that the plaintiff was a trespasser, and that defendant owed him no duty except to protect him after discovering his peril, it is clear that when discovered upon the bridge the defendant should have given him ample time to have escaped. If he had simply been on the railroad track in the open country, it might be said that defendant had a right to presume that he would step off the track and get out of the way of the

Becker v. L. & N. R. R. Co.

train; but if a party having started to cross a bridge of as much length as the one under consideration, had no means of escape except to reach the termination of the bridge, common humanity demands that, even if a trespasser, he should not be wantonly run over, but should have a reasonable chance to cross the bridge in safety. A few minutes' delay of the train would have saved plaintiff the great personal injury which he suffered in the vain attempt to save the life of the little girl with him. It is said in section 483, 2 Shear. & R. Neg.: "The rule stated in section 99, that the plaintiff may recover, notwithstanding his contributory negligence, if the defendant, after becoming chargeable with notice of the plaintiff's danger, failed to use ordinary care to avoid injuring him, has been enforced in many railroad cases. . . . Thus, a locomotive engineer or motorman, after becoming aware of the presence of any person on or dangerously near the track, however imprudently or wrongfully, is bound to use as much care to avoid injury to him as he ought to use in favor of one lawfully and properly upon the track; that is to say, ordinary care with respect to anticipating injury before it becomes imminent, and the utmost care and diligence of which he is personally capable after he knows that it is imminent. He must promptly use all the usual signals to warn the trespasser of danger, and he must also check the speed of his train, and even bring it to a full stop, if necessary, unless the circumstances are such as to justify him, acting prudently, in believing that the traveler sees or hears the train, and will step off the track in ample time to avoid all danger without any diminution of the speed of the train. These rules apply to all cases, even of the most outrageous negligence on the part of a person

on the track—as, for example, where a person attempts
to cross in the very front of a train, or where children or
drunkards have actually fallen asleep, lying across the
rails.  If the engineer becomes aware of anything lying
upon or dangerously near the track, which may possibly
be a human being or a valuable animal, he is bound to
check the speed of his train so as to enable him to stop
in time to avoid injury; and, if injury ensues from his neg-
lect to do this, his sincere belief that the object was worth-
less is of no defense.  In general, an engineer has the right
to assume that a person walking upon the track is free to
act, and is in possession of all ordinary faculties, and will
therefore act with ordinary prudence; but, when the con-
duct of the traveler is such as to excite a doubt of this, the
engineer is bound to use greater caution, and to check or
even stop the train, as may be necessary.  So, where he
sees a little child upon the track, he has no right to as-
sume that the child will use the same discretion for its
own protection as an older person would; and he must
bring the speed of the train under control as quickly as
possible, so as to be able to stop it altogether if the child
does not appreciate its danger."  In section 484, Id., it is
said:  "The rule stated in the last section, however, does
not cover the whole ground.  The defendant is responsible
not only for what he actually knows, but for that which
he is bound to know.  It is clear that the frequent state-
ments that contributory negligence is an absolute bar to
recovery, except where the defendant's conduct has been
'reckless,' 'willful,' or 'wanton,' or even grossly negligent,
are not sound.  No courts have in actual practice adhered
to this imaginary rule.  It has been explicitly overruled,
and, indeed, it has been explained away or disavowed by
courts which had previously stated it."

After a careful consideration of the evidence in this case, as well as the law applicable thereto, we are clearly of the opinion that the court erred in giving the peremptory instruction. The evidence made a *prima facie* case which would entitle plaintiff to recover. The judgment appealed from is therefore reversed, and the cause remanded, with directions to award plaintiff a new trial, and for proceedings consistent herewith.

Petition for rehearing filed by appellee and overruled.