SARAH A. MITTELSDORFER, DEFENDANT IN ERROR. v.
 WEST JERSEY AND SEASHORE RAILROAD COMPANY.
 PLAINTIFF IN ERROR.

Argued March 18, 1909—Decided June 14, 1909.

1. One who, while riding in the private conveyance of another, is
 injured by the negligence of a third party, may recover against
 the latter, notwithstanding that the negligence of the driver of
 the conveyance in driving his team contributes to the injury,
 where the person injured is without fault and has no authority
 over the driver.

2. The plaintiff, a woman, was riding in a wagon owned and driven
 by another, at the invitation of the owner. She had no control
 over the driver. The relation of master and servant, or principal
 and agent, or mutual responsibility in a common enterprise did
 not exist between them. There was no evidence that the plaintiff
 knew that the driver was incompetent. and nothing about his
 driving to indicate that he was careless. The evidence showed
 that on approaching the railroad crossing the plaintiff did not
 look for the train because she observed that the driver was looking
 for it, and that in fact she did not see nor hear the train. *Held,*
 that the plaintiff's negligence was a question for the jury, notwith-
 standing the fact that it appeared that if the driver had exercised
 the degree of vigilance in looking required of him by law he
 would have discovered the approaching train in time to have
 avoided the collision.

On error to the Supreme Court.

For the plaintiff in error, *Bourgeois & Sooy.*

For the defendant in error, *Higbee & Coulomb.*

The opinion of the court was delivered by

TRENCHARD, J.    Sarah A. Mittelsdorfer was riding in a
carriage owned and driven by one Goldthrop.

The wagon was struck by defendant's steam railroad train
at a grade crossing, and Mrs. Mittelsdorfer was thrown out
and injured. She brought this suit to recover damages for
personal injuries, and recovered a verdict at the Atlantic Cir-
cuit. This writ of error brings here for review the judgment
entered thereon.

It is conceded by the defendant company that the evidence justified the jury in finding that the defendant was negligent in failing to give the statutory signals.

It seems also to be conceded by the plaintiff that Goldthrop, the driver of the carriage, was negligent in not observing the train. But whether so conceded or not, yet for the purpose of this case we assume that the evidence conclusively demonstrates that if he had used his eyes with the care required by law he would have seen the approaching train in time to have avoided the collision, and that his failure so to do was negligence which contributed to the collision. *Pennsylvania Railroad Co.* v. *Righter,* 13 *Vroom* 180.

It further appeared from the evidence that Mrs. Mittelsdorfer was not driving the team and had no control over it or the driver. She was merely a passenger and was riding at the invitation of the driver and owner. The driver was not her servant, but a neighbor who had invited her to ride with him because of the heat of the day. The defendant company, therefore, properly concedes that the negligence of the driver was not imputable to her. *New York, Lake Erie and Western Railroad Co.* v. *Stein-Brenner,* 18 *Vroom* 161; *Consolidated Traction Co.* v. *Hoimark,* 31 *Id.* 456; *Noonan* v. *Consolidated Traction Co.,* 35 *Id.* 579.

The contention of the defendant company is that Mrs. Mittelsdorfer was guilty of contributory negligence, and error is assigned upon the refusal of the trial judge to nonsuit the plaintiff upon that ground.

We think the motion was properly denied.

The defendant insisted that Mrs. Mittelsdorfer was negligent in not looking for the train.

It is evident from the testimony that Mrs. Mittelsdorfer did not look for the train because she observed that the driver was looking. She was seated beside him in an ordinary farmer's covered carriage, the rear curtain of which was up. Whether the side curtains were up or down does not clearly appear. Neither does it clearly appear how the seat of the carriage was located with reference to the curtains. They were proceeding slowly. As they approached the crossing she

observed that the driver looked out, up and down the track, and she supposed he was looking for the train.

The general rule with respect to the plaintiff's right to recover, under such circumstances, to be gathered from cases in our own and other jurisdictions, both federal and state, is this: One who, while riding in the private conveyance of another, is injured by the negligence of a third party, may recover against the latter, notwithstanding that the negligence of the driver of the conveyance, in driving his team, contributes to the injury, where the person injured is without fault and has no authority over the driver. See cases collected in note to 3 *Am. & Eng. Anno. Cas.* 703.

In the case at bar, as we have pointed out, the relation of master and servant, or principal and agent, or mutual responsibility in a common enterprise did not, in fact, exist between the plaintiff and the driver such as would defeat the plaintiff's recovery. *Consolidated Traction Co.* v. *Hoimark, supra.*

The only remaining question for consideration is whether the plaintiff was so conclusively at fault as to preclude recovery.

The fact that the plaintiff was a guest did not relieve her from exercising ordinary care. *Farley* v. *Wilmington, &c., Railroad Co.,* 3 *Penn (Del.)* 581; *Lake Shore, &c., Railroad Co.* v. *Boyts,* 16 *Ind. App.* 640; *West Chicago Street Railway Co.* v. *Piper,* 165 *Ill.* 325; *Payne* v. *Chicago, &c., Railroad Co.,* 39 *Iowa* 523.

It is not contended that plaintiff was at fault in accepting the invitation of the driver. She had no knowledge that he was incompetent. Nor was there anything in his driving to indicate to her that he was careless. She testified as follows:

"*Q.* At what gait was his horse going along Cologne avenue?

"*A.* We were going slowly.

"*Q.* Do you remember as you approached the railroad crossing?

"*A.* I remember his looking out; I supposed we were at the crossing or near it.

"*Q*. What did he do in regards to looking out?

"*A*. He looked out and looked up and down for the train both ways; I supposed he was looking for the train; he didn't say, but I saw him look out."

The plaintiff did not see the train and therefore no fault can be attributed to her in failing to apprise the driver of the impending danger. She says that she did not attempt to make any observations as to whether a train was coming. We think the irresistible inference from the testimony is that she did not look because she had observed that the driver appeared to be looking. She says that she kept quiet, refraining from conversation, presumably so as not to distract the driver. Just what opportunity the plaintiff had for observation up and down the track from her natural position upon the seat of the carriage does not appear. It is under these circumstances that the defendant company insists that she was so clearly guilty of negligence in not looking, as to require a nonsuit. We think not. When we consider that an attempt upon the part of the plaintiff to watch for the train, in the situation as it existed, might have interfered with the observations of the driver, we think that the question whether her conduct, in not attempting to look for the train when she saw that the driver was looking, was common prudence, was a fair question for the jury. *Davis* v. *Central Railroad Co. of New Jersey*, 38 *Vroom* 660; *Consolidated Traction Co.* v. *Behr*, 30 *Id.* 477; *Howe* v. *Minneapolis, &c., Railroad Co.* (*Minn.*), 30 *L. R. A.* 684; *United Railways Co.* v. *Biedler*, 98 *Md.* 564; *Colton* v. *Willmar, &c., Railroad Co.*, 99 *Minn.* 366; *Shultz* v. *Old Colony Street Railway*, 193 *Mass.* 309.

The motion to nonsuit being properly refused, the judgment of the court below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 14.

*For reversal*—None.