[Civ. No. 2636. Second Appellate District, Division One.—June 18, 1919.]

## CHARLES B. McCLURE, as Administrator, etc., v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE — COLLISION OF TRAIN WITH DECEASED — DUTY TO EXERCISE CARE—FAILURE EXCUSABLE.—In this action for damages for the death of plaintiff's intestate in a collision of defendant's train with the deceased and an automobile in which he was riding, conceding that it was the duty of the deceased, notwithstanding that he, as a guest of the driver, was a passenger in the automobile, to exercise reasonable care for his own safety, under the circumstances shown—the facts that they were all strangers in the vicinity and unaware of the existence of the railway, that there was nothing to indicate its presence at the crossing, that the position of the crossing sign was such that it could not be seen by members of the party, that the track, constructed within the banks of a narrow cut, was, by reason of the manner of its construction and maintenance, covered with dirt and mud so that it was not visible, and that no warning by bell or whistle was given, and no train at the time was in sight—both the deceased and the driver of the automobile were excusable for not stopping to look and listen before proceeding to cross the track.

[2] ID.—FAILURE TO STOP AND LOOK AND LISTEN—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—Upon such facts and the inferences to be drawn therefrom, the question as to whether neglect to "stop and look and listen" constitutes contributory negligence was one for the determination of the jury, and its conclusion thereon cannot be disturbed by the appellate court. It cannot be said as a matter of law that a stranger traveling

---

2. Care required of driver of automobile at railroad crossing, notes, 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N S.) 702.

upon a. highway over which, unknown to him, a railway track crosses, is, by reason of his failure to stop and look and listen, guilty of negligence, where such track is obscured and there is nothing to indicate its presence or warn him of its existence.

[3] Id.—Attempt to Rescue Person in Peril.—Contributory Negligence.—Unless a person who is killed or injured in attempting to rescue another placed in peril by the negligent act of a third person acts with a recklessness unwarranted by the judgment of a prudent man, he cannot be said to be guilty of contributory negligence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry T. Gage and W. I. Gilbert for Appellant.

John E. Biby for Respondent.

SHAW, J.—In this action plaintiff, as administrator, sought to recover damages for the death of his intestate, Robert W. Guard, which is alleged to have. been caused. by the negligence of defendant in the maintenance of a railway track over which it at the time carelessly and negligently operated a train which collided with the deceased and an automobile in which he was traveling. In addition to denials, the answer alleged contributory negligence on the part of deceased.

A jury before which the case was tried rendered a verdict in favor of plaintiff, in whose favor judgment was entered and from which, and an order denying defendant's motion for a new trial, this appeal is prosecuted.

The sole contention made in appellant's brief is that the evidence is insufficient to justify the verdict of the jury.

The accident occurred at a point in that part of the city of Los Angeles known as San Pedro, where defendant's railway track crosses Fourteenth Street at its intersection with a highway extending north and south known as Beacon Street. The railway track, following the line of a curve and over an elevation, enters Beacon Street on the east side thereof at a point north of Fourteenth Street and south of Thirteenth Street, the roadbed being in a cut of

considerable depth, and Fourteenth Street crosses the track in a like cut, down to which the surface of the roadway of Beacon Street leads, and from which last-mentioned street the railway track was not visible to one traveling on Beacon Street parallel to the track. There were no telegraph poles or other structures, other than a crossing sign placed on a high bank which stood some twenty-five feet above the surface of the crossing, to indicate the presence of the railway track to those unacquainted with the fact. Fourteenth Street was rough and broken, due to work thereon, and recent rains had washed the mud and dirt down upon and covered the track, not often used, at the crossing. On the day in question the deceased, with a Mr. Scherrer, the latter's wife and three others, as guests of Mr. Scott, who was driving the automobile in which they were traveling, were out sight-seeing. All of them were strangers in the vicinity. Scott, upon reaching Thirteenth Street, turned east thereon to Beacon Street, along which he drove south to Fourteenth Street, at which point, without stopping to look or listen, he turned east across the intersecting cut in which defendant's railway track was constructed. The top of the automobile was up and, due to its height above the roadway, he did not see the crossing sign, and owing to the fact that the cut was narrow, the banks high, and the track covered with mud, neither he nor any of the party were made aware of the railway track until he stopped his car thereon with a view of ascertaining the condition of the road and going back. At the point where he stopped the railway track, the existence of which they then for the first time discovered, was, to the north, visible for 180 or 200 feet, and no cars were in sight and nothing to indicate their approach. Immediately thereafter, attracted by the cries of some men to get off the track, they looked to the north and saw the front car of a train, composed of eighteen flat cars, backing down upon them at a speed of four or five miles per hour. Two men, who were in the front car, yelled to them to get off the track, and at the same time signaled the engineer to stop the train. Scott attempted to start his auto, but by some misdirected effort killed the engine; whereupon, saying his engine was dead, he told the members of his party to jump, which advice all of them, except Mrs. Scherrer, an elderly,

stout woman, immediately acted upon. In attempting to get Mrs. Scherrer out of the car, Guard was struck by the approaching flat car and both he and Mrs. Scherrer received injuries alleged to have caused their death. Owing to the curved track and hill over which the train was being pushed, the engine was not at that point in sight of the two men on the approaching flat car, and in order to reach the engineer the signals given by them to stop the train had to be relayed by a man some five or six cars in front of the engine. No warning by bell or whistle was given, as required by section 486 of the Civil Code, and, although the train was equipped with air-brakes, they were not attached. Nevertheless, the engineer testified he could and did stop the train within fifteen or twenty feet after receiving the signal so to do. There is evidence that the man whose duty it was under the circumstances to receive and transmit the signals was sitting down, looking to the west, and hence did not get the signals so frantically given by the men on the front car, some 480 feet distant from him. But the engineer acted upon signals from a bystander near the track, who witnessed the dangerous situation of the auto party, and stopped the train some thirty feet beyond the point where it collided with the automobile.

From all the circumstances surrounding the case and the foregoing facts which the evidence tended to establish, the jury might very properly have concluded that defendant was chargeable with negligence; indeed, counsel for appellant omit any serious discussion of this point, but insist that, for the reason that the railway track in itself was a warning of danger (*Chrissinger* v. *Southern Pacific Co.*, 169 Cal. 619, [149 Pac. 175]), proceeding to cross the same without stopping to look and listen constituted negligence not only on the part of Scott, the driver of the automobile, but also of deceased. (*Loftus* v. *Pacific Electric Ry. Co.*, 166 Cal. 464, [137 Pac. 34].) **[1]** Conceding that it was the duty of Guard, notwithstanding the fact that he, as a guest of Scott, was a passenger in the automobile, to exercise reasonable care for his own safety (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651]; *Thompson* v. *Los Angeles etc. Ry. Co.*, 165 Cal. 748, [134 Pac. 709]; *Mittelsdorfer* v. *West Jersey etc. R. Co.*, 77 N. J. L. 698, [73 Atl. 538]), we are of the opinion that, under the

circumstances shown, both deceased and the driver were excusable for not complying with the rule. They were all strangers in the vicinity and unaware of the existence of the railway. There was nothing to indicate its presence at the crossing. The position of the crossing sign was such that it could not be seen by members of the party. The track, constructed within the banks of a narrow cut, was, by reason of the manner of its construction and maintenance, covered with dirt and mud so that it was not visible. No warning by bell or whistle was given, and no train at the time was in sight. [2] Upon these facts and the inferences to be drawn therefrom, the question as to whether neglect to "stop and look and listen" constituted contributory negligence was clearly one for the determination of the jury, and its conclusion thereon cannot be disturbed by this court on review. It cannot be said as a matter of law that a stranger traveling upon a highway over which, unknown to him, a railway track crosses, is, by reason of his failure to stop and look and listen, guilty of negligence, where such track is obscured and there is nothing to indicate its presence or warn him of its existence.

[3] While concededly deceased could have escaped except for his efforts to save the life of Mrs. Scherrer, it is not claimed that he acted with a recklessness unwarranted by the judgment of a prudent man, and it is only in such case that one, in attempting to rescue another placed in peril by the negligent act of a third person, can be said to be guilty of contributory negligence. (*Saylor* v. *Parsons,* 122 Iowa, 679, [101 Am. St. Rep. 283, 64 L. R. A. 542, 98 N. W. 500]; *Becker* v. *Louisville & N. Ry. Co.,* 110 Ky. 474, [96 Am. St. Rep. 459, 53 L. R. A. 267, 61 S. W. 997].)

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.