No. 25,858.

D. M. HARWOOD, *Appellee*, v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. RAILROADS—*Care Required at Crossing.* The rule that a railroad track is of itself to be regarded as a warning of danger, and when seen imposes upon a traveler the duty to take greater care in looking and listening for an approaching train, and if there are obstructions to his view he should, before attempting to cross, stop and ascertain positively that no train is approaching, does not apply where the track is covered with mud and weeds and there is no crossing sign or anything to disclose that there is a railroad across the highway, and the traveler is not aware of the existence of a railroad at that place.

2. SAME—*Obscure Track at Crossing—Contributory Negligence.* It cannot be determined as a matter of law that a stranger traveling upon a highway over which a railroad crosses, the existence of which he is unaware, is guilty of contributory negligence because he fails to stop, look and listen, where the track is obscured and there is nothing to indicate its presence or warn him of its existence.

3. NEGLIGENCE—*Contributory Negligence—Question for Jury.* The evidence examined, and it is held that the question of the contributory negligence of the plaintiff was fairly one for the determination of the jury.

4. TRIAL—*Instructions.* The instructions examined and held to be without prejudicial error.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed April 11, 1925. Affirmed.

*W. P. Waggener, J. M. Challiss, O. P. May,* all of Atchison, and *Charles W. Roberts,* of Winfield, for the appellant.

*S. C. Bloss, George T. McNeish, M. E. Jarvis,* and *Stewart S. Bloss,* all of Winfield, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case grows out of a grade-crossing accident which occurred in Cowley county. The Missouri Pacific railroad runs nearly east and west and a highway north and south. The plaintiff, D. M. Harwood, was driving a Ford car over this highway, and he alleged that the railroad company negligently allowed vegetation, including weeds, grass and underbrush, to grow up to its track on its right of way, which obstructed the view of the railroad so that one traveling on the highway was not aware of

Harwood v. Missouri Pac. Rld. Co.

it until he was upon the track; that no crossing sign was at the crossing to warn travelers of the location of the railroad, and that defendant with its train approached the crossing at a high rate of speed and negligently failed to sound a whistle, ring a bell or give any signal to notify plaintiff of the approach of the train. It was alleged that the crossing was unknown to the plaintiff, that the track was not visible to him until he was upon it, and he was then struck by the oncoming train, which inflicted permanent injuries, for which he asked damages. The defendant answered that the injuries sustained by plaintiff were due to his own want of care; that a train could be seen for a long distance before it reached the crossing; that there were no obstructions to the view such as would prevent a traveler from seeing an approaching train. It was further alleged that the whistle was sounded and bell rung and that those in charge of the train did not know or have reason to believe that the plaintiff would carelessly drive his car in front of the train.

In answer to special interrogatories the jury returned the following findings.

"1. As plaintiff approached the railroad crossing where the accident occurred, was he keeping a lookout ahead in the direction where said crossing was? A. Yes.

"2. If you answered the next preceding question 'yes,' then state what there was, if anything, to have prevented him from discovering said crossing in time to have avoided said accident. A. Mud, weeds and absence of railroad crossing sign.

"3. When plaintiff was from 50 to 25 feet from said crossing, what was there, if anything, to have prevented him from seeing said train approaching from the west if he had looked? A. Weeds and grass on bank.

"4. Was there a crossing sign located north of said crossing and on the west side of said highway as plaintiff approached said crossing? A. No.

"5. Was the whistle on the engine sounded for said crossing at the whistling post west of said crossing? A. No.

"6. What was there that those in charge of said engine could have done, if anything, after they discovered that plaintiff was not going to stop, but was going onto said crossing in front of said approaching train, to have prevented said accident complained of? A. Nothing.

"7. As plaintiff approached said crossing was there a slight grade up to said crossing from a distance of 25 feet to 50 feet of the same? A. Yes.

"8. If you find that the defendant was guilty of any act or acts of negligence which caused or contributed to cause said accident complained of, then state the act or acts of negligence of which you find the defendant guilty. A. Not whistling at whistling post.

"9. After plaintiff had crossed over the Santa Fe railroad track from 600 to 1,000 feet south of defendant's crossing, did he know that somewhere in that

vicinity he would have to pass over the defendant's track before reaching his destination? A. Yes.

"10. State rate of speed train approached said crossing. A. Thirty-five miles an hour.

"11. State rate of speed automobile approached said crossing. A. Ten miles an hour."

With the special findings, the jury returned a general verdict awarding plaintiff damages in the sum of $3,250.

Error was assigned on the refusal of the court to sustain defendant's demurrer to plaintiff's evidence, and in failing to give a peremptory instruction to the defendant on the theory that the evidence was insufficient to warrant the verdict. There is complaint also that requested instructions were refused and that the motion for a new trial was denied.

There was testimony tending to support the averments of plaintiff as to the negligence of the defendant, and the main controversy is that, granting the negligence of the defendant, the plaintiff himself was guilty of negligence which contributes to his injury and therefore a recovery is barred.

The defendant argues that even if the crossing sign was down, the track itself was a warning of danger which required the plaintiff to make diligent use of his faculties to ascertain if a train was approaching, and if weeds and shrubs obscured the view he was required to stop his car and take the necessary steps to ascertain whether a train was approaching or whether he could safely cross the track. The defendant rightly contends that a traveler who sees a railroad track is already warned of danger, and that if a view of the road is obscured it is incumbent on him to stop, look and listen before going upon the crossing, and where a view cannot be otherwise obtained he is required to take the added precaution to go to a place where a view of the track may be had and that a failure to take these necessary precautions is such negligence as bars a recovery.

These rules relating to the care a traveler must exercise at a railroad crossing are well established by the authorities, but they can only be applied where the railroad track is visible or known to the traveler. If there is nothing at the place to indicate the presence of a railroad track or warn him of the existence of danger, and it is unknown to him, there is no room for the application of the rule. It is the duty of a driver of an automobile to keep a lookout ahead for possible dangers, and if he does so he will ordinarily see a rail-

road track which passes across a highway, but if the track is not open to view it cannot be regarded as a warning of danger. Everyone is required to use his faculties to discover a visible danger and cannot escape the effects of his negligence in voluntarily and unnecessarily encountering a known danger, but if the danger is not visible or known it cannot be said as a matter of law that one encountering it is guilty of contributory negligence.

The testimony of the defendant tended to show that the highway was muddy and that the mud covered the railroad track at the crossing so that the rails and track were not observable; that there were weeds and grass on the right of way which also obscured the view; that while the plaintiff knew that a railroad crossed the highway somewhere in that section of the country, he was a stranger and did not know where the crossing was. He had never been over the road before, and while he was keeping a lookout ahead he did not see track or rails and was unaware of the presence of the railroad until he was upon it. The day was misty and a slight rain was falling, which made it more difficult to see the railroad. The jury found that the plaintiff was keeping a lookout ahead as he traveled towards the crossing; that the mud, weeds and the absence of a crossing sign prevented him from discovering the railroad in time to have avoided the accident. There was conflicting testimony on these questions, but there was a sufficient basis for the findings of the jury. It was its province to settle the conflicts, and hence we cannot say that the railroad track was open to view or that the plaintiff should have seen it in time to have avoided the accident. There would be good grounds for the contentions of defendant if the plaintiff had seen the track or had known that he was approaching a crossing. The authorities cited apply to a traveler who fails to look or listen when he is approaching a railroad, the existence of which he knows, or has had the warning which the track itself affords and fails to take precautions for his own safety. These rules, as we have seen, do not apply where the crossing is not visible to the traveler and he is not aware of its existence. In *Chicago & Erie R. R. Co. v. Fretz*, 173. Ind. 519, this question was considered, and among other things it was said:

"If the presence of the crossing is unknown, and there is nothing to indicate its presence, and it cannot be seen, there can be no reason for the rule of look and listen beyond the rule of ordinary care, and no such obligation rests upon one thus ignorant as upon one who does know of or can see its existence. The reason for the rule fails. It is not like a case where the presence of the cross-

ing is known or visible, and the view is obstructed, or where the injured party voluntarily places himself in a situation or condition to obstruct seeing or hearing, or where he fails to listen when he cannot see, or to stop when he cannot see or hear without stopping. The rule of look and listen is not unbending, but is to be applied to the conditions which call for its application." (p. 531.)

In *McClure v. Southern Pacific Co.*, 41 Cal. App. 652, it was determined that where a railroad track was obscured because it was constructed in a narrow cut and was covered with dirt at the crossing, and the position of the crossing sign was such that it could not be seen by the occupants of an automobile, who were strangers unaware of the railroad's existence, the question whether their failure to stop, look and listen constituted contributory negligence was for the jury.

In the opinion it was said:

"It cannot be said as a matter of law that a stranger traveling upon a highway over which, unknown to him, a railway track crosses, is, by reason of his failure to stop and look and listen, guilty of negligence, where such track is obscured and there is nothing to indicate its presence or warn him of its existence." (p. 656.)

We conclude that there was no error in overruling defendant's demurrer to the evidence of plaintiff nor in the refusal to direct a verdict for defendant.

Complaint is made that instructions requested were refused, but an examination of those given shows that the questions involved in the case were quite fully covered by those given. The precautions to be taken by a traveler in approaching a railroad were stated and the different degree of care to be exercised where the railroad was not visible or known to him was pointed out.

We think there is no error in the instructions nor in the refusal to grant a new trial.

Judgment affirmed.