ALBERT E. PISCITELLO ET AL. *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 8th—decided May 9th, 1933.

Jacob Schwolsky, with whom was Harold K. Watrous, and, on the brief, Daniel G. Campion, for the appellants (plaintiffs).

Fleming James, Jr., with whom, on the brief, was Edward R. Brumley, for the appellee (defendant).

AVERY, J. The plaintiff brought this action to recover damages for injuries sustained by him when an automobile, which he was driving, came into collision with one of defendant's trains at the Jordan Lane grade-crossing at Wethersfield, Connecticut. The Aetna Life Insurance Company paid compensation to the plaintiff on account of these injuries and was, on motion, joined as party plaintiff pursuant to the provisions of the Workmen's Compensation Act. The case was tried to the jury, and, at the close of the evidence, the court, upon defendant's motion, directed a verdict in its favor. The plaintiff moved to set this verdict aside, which motion the court denied, and he has appealed.

Boscarello v. New York, N. H. & H. R. Co., 112 Conn. 279, 152 Atl. 61, was a case arising out of the

same accident as the present. That action was brought by the administratrix of a passenger riding in the automobile which was being operated by the present plaintiff, Piscitello. The physical situation at the crossing is set forth in that case and it is unnecessary to repeat it here. Taking the view of the evidence most favorable to the plaintiff, the jury might reasonably have found that the collision occurred about seven a.m. on June 4th, 1929. The plaintiff was preparing to paint a house belonging to Boscarello near the railroad crossing. They found it necessary to go to Hartford to buy some supplies and started in plaintiff's automobile. The plaintiff, who was driving, was unfamiliar with the locality. They drove north on a new highway and turned right on Jordan Lane. There was no other automobile upon the road. They proceeded east on Jordan Lane at a speed of fifteen to twenty miles an hour until the front of the automobile was about five feet from the track. Then, for the first time, plaintiff realized that he was approaching a railroad crossing, and looked for a train, but it was right upon him and a collision could not be avoided. The train consisted of an engine, tender and four passenger coaches. It was a regular daily, running on time, and proceeding north at a speed which the jury could not reasonably have concluded was more than thirty-five miles an hour. The engineer sat on the right-hand seat of the cab and was unable to see the automobile from the left because the boiler interfered. The fireman took his seat upon the left-hand side of the cab when the train was about one thousand feet south of the crossing. . From this position, vehicles approaching from the left on Jordan Lane were visible. When the engine was about twenty-five to fifty feet south of the crossing, the fireman gave an emergency signal and the brakes were

immediately applied, but the train could not be stopped in time and ran by some two hundred feet. The whistle of the engine was not blown previous to the accident.

The only error claimed by the appellant is the refusal of the court to set aside the directed verdict in favor of the defendant. The complaint sets up two causes of action: the first based upon negligence; the second charged the train crew with reckless and wanton misconduct.

The trial court directed a verdict for the defendant upon the theory that the plaintiff had failed to show that he was free from contributory negligence. The plaintiff claims that he was excused from seeing the crossing because he was totally unfamiliar with the vicinity and was preoccupied in driving his car by the fact that the road surface, an oiled macadam, was rather rough and out of repair. The plaintiff, however, was required to see and hear what a reasonably prudent person would under the circumstances. The day was bright and clear. The road was practically level. In the vicinity of the track was a crossing sign of standard design, in good condition, and legible on the day of the collision, and it was visible to a traveler approaching from the direction in which the plaintiff was proceeding for a distance of fully four hundred feet. The plaintiff could read. The rails were visible along the embankment at various points to the north and south of the crossing. There were cattle guards on either side of the roadway. Except at the crossing, the railroad was elevated somewhat above the surrounding country, but there the rails were flush with or a little below the surface of the highway. There was a fence and a triple line of telegraph poles along the right of way. When the plaintiff arrived within thirty-five feet of the crossing, his view was unob-

structed in both directions, and he could have seen the train approaching if he had looked. At the speed at which he was proceeding, he could have stopped his automobile in a distance of five feet, more or less. The fact that his attention was occupied in guiding his automobile upon the highway, would not excuse him from seeing a crossing plainly obvious to any driver in his situation who had looked ahead. A traveler on a highway, approaching a railroad crossing, is not relieved from the responsibility of exercising his senses and avoiding collision with a train thereon by reason of his ignorance of the existence of such a crossing, if the presence of the railroad is obvious to anyone reasonably using ordinary powers of observation. *Boscarello* v. *New York, N. H. & H. R. Co.*, 112 Conn. 279, 281, 152 Atl. 61; *Douglas* v. *New York, N. H. & H. R. Co.*, 110 Conn. 145, 146, 147 Atl. 289; *Horandt* v. *Central R. Co.*, 78 N. J. L. 190, 73 Atl. 93, 96; *Harwood* v. *Missouri Pacific R. Co.*, 118 Kan. 332, 234 Pac. 990, 40 A. L. R. 1305, 1308; *Kelly* v. *Director General of Railroads*, 274 Pa. St. 470, 118 Atl. 436, 440; *Allyn* v. *Boston & Albany R. Co.*, 105 Mass. 77, 79; *Cooper* v. *Chicago, R. I. & P. Ry. Co.*, 117 Kan. 703, 232 Pac. 1024, 1028. The court did not err in directing a verdict for the defendant upon the cause of action for negligence, as the evidence was not sufficient to afford a reasonable basis upon which the jury could conclude that the plaintiff was in the exercise of due care.

The only basis upon which the plaintiff could claim a right to recovery upon the theory of reckless or wanton misconduct rests upon the evidence offered by him to the effect that the statutory signals were not given and the testimony as to the speed of the train. The jury could not reasonably have concluded that the speed of the train was more than thirty-five

miles an hour. There was no evidence that the speed was excessive, or that the fireman actually saw the automobile before it was hit, or that the train crew had any reason to expect a large or unusual amount of traffic at the crossing at that hour of the day. The situation depicted is that of a typical country grade-crossing accident. There is not sufficient basis in the evidence to support the claim of reckless or wanton misconduct. *Brown* v. *Chicago & N. W. Ry Co.*, 109 Wis. 384, 85 N. W. 271, 273; *Cleveland, C., C. & St. L. Ry. Co.* v. *Miller*, 149 Ind. 490, 49 N. E. 445, 451; *Matta* v. *Chicago & W. M. Ry. Co.*, 69 Mich. 109, 37 N. W. 54, 55; *Payne* v. *Smitherman*, 206 Ala. 591, 91 So. 575, 576; *Georgia Pacific Ry. Co.* v. *Lee*, 92 Ala. 262, 9 So. 230, 234; *Evans* v. *Illinois Central R. Co.*, 289 Mo. 493, 233 S. W. 397, 400; *Jacobs* v. *Atchison, T. & S. F. Ry. Co.*, 97 Kan. 247, 154 Pac. 1023, 1026; *Mollica* v. *Michigan Central R. Co.*, 170 Mich. 96, 135 N. W. 927, 930; *Snyder* v. *Chicago, B. & Q. R. Co.*, 29 Fed. (2d) 910, 912; *Pond* v. *Connecticut Co.*, 95 Conn. 437, 440, 111 Atl. 621.

There is no error.

In this opinion the other judges concurred.