These two cases were tried together. Each of the plaintiffs obtained a verdict against the defendant, The New York, New Haven and Hartford Railroad Company. The plaintiff Frank Oliver was a passenger in a motor vehicle operated by the late Frank Essam. Mr. Oliver was injured and Mr. Essam died as a result of the injuries he received. The defendant claims that the verdicts should be set aside because it says that Oliver, a passenger, was in the same situation as was the plaintiff's intestate in Boscarello v. New York, N. H. H.R. Co.,112 Conn. 279, and that the late Frank Essam was in the same situation as was the plaintiff Piscitello in Piscitello v. New York,N. H. H.R. Co., 116 Conn. 638.
The facts in these two cases are entirely different from those in the two cases relied upon by the defendant. It does not seem necessary to review the facts. An illustration of the many marked distinctions is furnished by testimony of the engineer *Page 145 
who operated the train which collided with the truck operated by the late Frank Essam. He testified that when he was about 700 feet east of the railroad crossing, traveling in a westerly direction, he noticed the truck start across the crossing, and that then it flashed through his mind that "the truck had time to make it over the crossing." He further testified that he didn't then apply the brakes because he didn't see any reason for it and that he didn't apply the brakes until 200 feet from the truck and that it was then stopped on the crossing. He further testified that at a speed of 47 miles per hour, the speed at which the train was then moving, it would go 1400 feet before being stopped and that he had known of no reason why the speed of the train should have been decreased before it was. In addition, although the engineer testified, he did not say that he blew the whistle or otherwise warned the occupants of the truck. He said that the cab of the truck was across the track on which the train was before it, the truck, was struck.
The Boscarello case was decided in 1930 and the opinion in thePiscitello case was written in 1933. In 1931, § 1654c of the 1935 Cumulative Supplement to the General Statutes was passed. It provided that "In any action to recover damages for negligently causing the death of a person, or for negligently causing injury to a person, if the person who sustained the injury shall die prior to the trial of such action, it shall be presumed that such person was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care." It also provided that if contributory negligence be relied upon as a defense it shall be affirmatively pleaded by the defendant and that the burden of proving such contributory negligence shall rest upon the defendant.
In the Boscarello case the plaintiff's decedent was killed when the automobile in which he was riding as a passenger was struck by an engine of the defendant. This case was decided before the statute referred to was passed in 1931. In the Piscitello case, an action for personal injuries decided in 1933, the statute was not relied upon by the plaintiff and was not considered by the court because that was not an action to recover damages for negligently causing the death of a person, or for negligently causing injury to a person who died before trial.
In 1939, § 1399e, now § 7836 of General Statutes of Connecticut, Revision of 1949, was passed. It provided that in any action for negligently causing the death of a person, or for negligently *Page 146 
causing personal injury or property damage, it shall be presumed that the deceased or injured person was in the exercise of due care, that contributory negligence must be affirmatively pleaded by the defendant, if it is relied upon as a defense, and that the burden of proving it shall rest upon the defendant.
The defendant in each of these cases alleged contributory negligence and, as stated in Marley v. New England TransportationCo., 133 Conn. 586, 590, "the burden of proving contributory negligence is upon the defendant and . . . if the defendant offers no evidence upon that issue or if the evidence he does offer fails to prove that the plaintiff was negligent by a fair preponderance of the evidence, the plaintiff is entitled to recover upon the issue."
In the charge to the jury in these cases, the following was said: "The burden of proving contributory negligence is upon the defendant and if the defendant offers no evidence upon that issue or if the evidence offered by either party fails to prove that the plaintiff was negligent by a fair preponderance of the evidence, the plaintiff is entitled to prevail upon that issue."
It is clear that my use of the words "the evidence offered by either party" rather than the words "the evidence he does offer," as used by the Supreme Court of Errors in the Marley case, permitted the jury to take into consideration all of the evidence in the case, rather than only the evidence offered by the defendant, in determining whether or not the defendant has sustained the burden of proving that either the plaintiff in one case or the plaintiff's intestate in the other case was negligent as alleged.
In arguing the motions to set aside the verdicts, counsel for the defendant conceded that the engineer was negligent and claimed that Frank Oliver and the late Mr. Essam were both negligent as alleged by the defendant. The questions of fact, namely, whether either or both were negligent and whether such negligence, if there was negligence upon the part of either, was a proximate cause of injury or death, as well as other questions of fact, were left to the jury to decide.
The burden of proving that Frank Oliver was negligent was that such negligence was a proximate cause of his injuries was upon the defendant. Likewise the burden of proving that the late Frank Essam was negligent and that his negligence was a proximate cause of his injuries and death was upon the defendant. In the Boscarello and Piscitello cases the plaintiffs alleged *Page 147 
that the plaintiff's intestate, Boscarello, and the plaintiff, Piscitello, were in the exercise of due care and had the burden of proving freedom from contributory negligence. In the two cases in question the defendant and not the plaintiffs had the burden of proof on the question of contributory negligence.
In Kinderavich v. Palmer, 127 Conn. 85, we find a most interesting and enlightening discussion of the question of proximate cause in connection with negligence or claimed negligence upon the part of a plaintiff. I do not know whether the jury concluded that either Frank Oliver or the late Frank Essam was negligent. Even if they did it was still the function of the jury to determine whether the negligence was a proximate cause.
In argument counsel for the defendant suggested, by inference, that in the complaint in the Essam case the allegation that the injuries to and resulting death of the late Frank Essam "were solely caused by the negligence of the defendant in that it failed . . .," placed upon the plaintiff in the Essam case the burden of proving freedom from contributory negligence. I find it difficult to follow this. The plaintiff did not allege that the decedent was in the exercise of due care, as she was not required to do, and she did not allege freedom from contributory negligence, as she was not required to do. The defendant relied upon contributory negligence upon the part of the late Frank Essam, alleged it in paragraph 4 of the answer, and had the burden of proving it.
Neither verdict is excessive.
 The motion to set aside the verdict in each case is denied.