WALLACE E. LeCOUNT, ADMINISTRATOR (ESTATE OF JOSEPH G. JONES) *vs.* MARGARET L. FARRAND ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 6th—decided March 6th, 1934.

*Sidney Vogel,* with whom was *Abraham D. Slavitt,* for the appellant (plaintiff).

*Thomas R. Robinson,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellees (defendants).

BANKS, J.   Plaintiff's decedent, a man eighty-one years of age, was struck and killed by an automobile owned by the defendant Grace E. Farrand and operated by the defendant Margaret L. Farrand, while crossing the street in the town of New Canaan, about seven-thirty p. m. on October 31st, 1932.   Plaintiff's decedent was crossing South Avenue, going from the east to the west side of the street in a diagonal direction at a point north of its intersection with Maple Street.   There was no crosswalk at this point and it was very dark.   The defendant's car was proceeding in a northerly direction at a speed of between twenty and twenty-five miles an hour, and struck plaintiff's decedent at a point not far from the center of the road.   The plaintiff claimed to have proved that the Farrand car was being operated at too high a rate of speed, that no warning was given of its approach, and

that the operator did not keep a sufficient lookout for persons who might be upon the highway. The defendants claimed to have proved that after the car had passed beyond the intersection of Maple Street, plaintiff's decedent, a man about five feet tall and dressed in dark clothes, suddenly appeared in front of the right headlight about three or four feet from the car, that the operator applied the brakes and swerved to the left in an attempt to avoid striking him, but that he was struck by the right headlight, and that the operator did not blow the horn because of lack of time.

The evidence is not before us, and we are therefore unable to consider the assignment of error based upon the denial of the plaintiff's motion to set aside the verdict. Other assignments of error relate solely to the charge of the court. Error is assigned in the failure of the court to charge "that the defendants must prove the contributory negligence of the plaintiff's decedent by a fair preponderance of the evidence," and in its charge that the jury should "consider the evidence offered by both parties, then, and determine whether or not the plaintiff was free from contributory negligence and the defendant negligent in some manner as alleged." Plaintiff claims that the charge of the court did not give him the full benefit of the presumption that the decedent was in the exercise of due care and of the rule that the burden of proving contributory negligence was upon the defendants as provided by statute, General Statutes, Cum. Sup. 1933, § 1149b. The court did specifically charge that, by a special statute, contrary to the rule in the ordinary injury case, the burden in death cases is upon the defendant to prove that the plaintiff's decedent was guilty of contributory negligence. The statute clearly indicates that the effect of the presumption

established by it is to place the burden of proving contributory negligence upon the defendant, *O'Dea* v. *Amodeo,* 118 Conn. 58, 170 Atl. 486, and the charge of the court gave it precisely that effect. If, in this assignment of error, it is claimed that the court should have charged that the proof of contributory negligence must be "by a fair preponderance of the evidence," it is apparent that the plaintiff was not harmed by the apparently inadvertent omission from the charge of this phrase. The unqualified statement that the burden was upon the defendants to prove the negligence of the plaintiff's decedent, placed at least as great a burden upon them as if the court had added that it was sufficient if such proof was by a fair preponderance of the evidence, as distinguished from the requirement of the criminal law that the guilt of the accused be established beyond a reasonable doubt. The plaintiff cannot complain if the charge of the court permitted the jury to require proof of contributory negligence beyond a reasonable doubt, and no error is assigned as to the charge with regard to the *quantum* of proof required to establish the negligence of the defendants.

The plaintiff claims that the court should have charged the jury that the degree of care required of his decedent was "the care and conduct to be expected from a man eighty-one years of age," though there was no request for such a charge. We are aware of no rule exempting an adult, on the ground of advancing years, from the duty of exercising the care of an ordinarily prudent person, required of all persons who have reached the age of discretion. We cannot consider the claim, made in plaintiff's brief, that nowhere in the charge does there appear a definition of negligence or of contributory negligence, or a statement of the duty resting upon the plaintiff's decedent, or of

214

what conduct on his part would constitute due care, since these claimed defects in the charge are not assigned as error.  In these respects, as in its failure to state the *quantum* of proof required to establish negligence and contributory negligence, the charge left something to be desired in its omission of formal definitions, familiarity with which on the part of the jury may not safely be assumed in spite of their reiteration in previous charges to the same panel.  In the absence of appropriate assignments of error, or of a showing that the appellant may have suffered prejudice, we are not inclined to hold that the omissions now complained of constituted reversible error.

Since the verdict of the jury was in favor of the defendants, the failure of the court to charge in compliance with the plaintiff's requests as to the measure of damages does not require discussion.  Other requests to charge were either not applicable to the fact situation presented upon the trial or were sufficiently covered by the charge as given.  The charge of the court as to the care required of a pedestrian when crossing a street was unexceptionable.

There is no error.

In this opinion the other judges concurred.