JOSEPHINE VORONELIS, ADMINISTRATRIX (ESTATE OF STANLEY ZAMOYC) *vs.* THE WHITE LINE BUS CORPORATION ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 6th—decided May 12th, 1937.

*Samuel E. Friedman* and *Irwin E. Friedman,* with whom, on the brief, was *Alexander Harinstein,* for the appellant (plaintiff).

*George N. Foster,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff's decedent was killed by being run over by a bus owned by the defendant corporation and operated at the time of the accident by the other defendant, William Buckley.   The accident occurred on a rainy night.   The decedent left a restaurant located at the southwesterly corner of Housatonic Avenue and East Washington Avenue in Bridgeport, following Chester Floreziak, both intending to take a bus which was approaching on Housatonic Avenue from the south.   The two men walked southerly on the west side of Housatonic Avenue and the last time prior to the accident the deceased was seen, he was at the curb of the sidewalk on Housatonic Avenue about eighteen feet south from the southerly curb of East Washington Avenue.   The bus operated by Buckley turned the corner from East Washington Avenue to go south on Housatonic Avenue.   Floreziak, who was crossing the latter street ahead of the deceased, heard a thud and turning saw the deceased under one of the rear wheels of the bus.   No witness saw the deceased between the time he was at the curb and the moment when the wheel was passing over him.   The plaintiff claimed that after the accident his body lay in the street about nine feet from the westerly curb.   In the complaint it is alleged that the operator of the bus was negligent in several respects.   The defendants in their answer denied this and pleaded affirmatively that the deceased was guilty of contributory negligence.   The jury rendered a verdict in their favor and the plaintiff has appealed.

In her assignments of error the plaintiff seeks numerous corrections and additions to the finding. We repeat what we have so often said that a finding in a case tried to a jury is not a statement of facts which the trial court has found proven but a narrative of the facts claimed to have been proven by the parties, made for the purpose of presenting any claimed errors in the charge or rulings of the court. *Fierberg* v. *Whitcomb*, 119 Conn. 390, 392, 177 Atl. 135. It serves no useful purpose to seek corrections in the finding as regards nonessential details or facts which do not serve to make clearer the situation as related to the claimed errors. Moreover, in the rare instances where an addition to a finding in a jury case is properly sought, it is not necessary to allege in the assignment of errors, as the appellant has done, that the fact sought to be added was admitted or undisputed, but it is sufficient to state that the party claimed to have proved it and offered evidence reasonably supporting it. In the case before us the finding as made sufficiently presents the determinative issue and we have no need to consider the corrections sought.

That issue concerns the charge of the court in regard to contributory negligence. The case was a typical one for the application of § 1654c of the Cumulative Supplement to the General Statutes of 1935 which provides: "In any action to recover damages for negligently causing the death of a person, or for negligently causing injury to a person, if the person who sustained the injury shall die prior to the trial of such action, it shall be presumed that such person was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by the defendant, and

the burden of proving such contributory negligence shall rest upon the defendant. The provisions of this section shall not apply when the person or persons charged with the negligence shall die as a result of said act or acts." This statute, enacted in 1931, was undoubtedly the result of our decision in *Kotler* v. *Lalley,* 112 Conn. 86, 151 Atl. 435, decided in 1930, in which we held that under the common law of this State, where death was claimed to be due to negligence and there was no direct testimony as to the decedent's conduct, no inference or presumption that he was in the exercise of due care would arise from a natural instinct of self-preservation and avoidance of bodily harm; and where we stated that we had no statutory provision to enforce the "obviously just requirement" that the burden of proof in such a case should be upon the defendant. Both the history of the statute and its terms leave no doubt that in a case where it is applicable the burden to establish contributory negligence rests upon the defendant and unless the defendant does establish that defense by a fair preponderance of the evidence, the issue must be found in favor of the plaintiff. *Zint* v. *Wheeler,* 117 Conn. 484, 485, 169 Atl. 52; *O'Dea* v. *Amodeo,* 118 Conn. 58, 64, 170 Atl. 486; *Breed* v. *Philgas Co.,* 118 Conn. 128, 136, 171 Atl. 14. In submitting a case to the jury where this statute applies, a trial court need not specifically refer to it or charge in terms that there is a presumption that the deceased was in the exercise of due care, if it makes clear that the effect of the statute is that which we have stated. *LeCount* v. *Farrand,* 118 Conn. 210, 212, 171 Atl. 623; *Piascik* v. *Railway Express Agency, Inc.,* 119 Conn. 277, 278, 175 Atl. 919.

Early in the charge the trial court briefly and correctly stated that in such a case as this the burden was upon the defendant to prove contributory negligence

by a fair preponderance of the evidence. Later it instructed the jury that while they might draw reasonable inferences they might not find facts upon the basis of guess or speculation, closing this paragraph of the charge with the statement that it was the duty of the plaintiff to satisfy the jury by evidence, without depending upon guess or speculation, in order to recover damages. Then, after discussing at some length the claims of the plaintiff as to the negligence of the operator of the bus, the court defined contributory negligence and explained its place in the case as a defense; and at one point in this portion of the charge it stated: "The duty rests upon the plaintiff to satisfy you that these conditions were not present, that it was not an accident, that it was not under such circumstances under which it may be said that both materially contributed to it." It then charged at some length as to the duty of a pedestrian in crossing a street, adding: "If you should find that the plaintiff was walking across the street and took no precaution for his own safety, or if you should find that he left the curb and walked in to the street without taking reasonable precaution for his own safety and observe whether or not a vehicle was approaching, such conduct would be the failure to use his senses as it would be his duty to do, and it would be negligence, and if it materially contributed to the injuries which he received it would bar a right to recovery for his injuries. As I have said, the plaintiff is bound to make use of his senses to avoid dangers that any reasonably prudent person in the possession of his senses then and there should anticipate. It is a question of fact, gentlemen, for you to consider whether or not these parties involved in this accident, this bus operator and this decedent, used the senses which they should have employed at the time in question; whether or not

either exercised that degree of care as to which it was incumbent upon them to use, and determine the facts accordingly." In finally summing up, the trial court said that if the jury found that the operator of the bus was negligent and that the decedent was free from contributory negligence the plaintiff was entitled to recover, adding: "You will recall what I said to you concerning the burden of proof too in relation to contributory negligence."

After correctly stating the effect of the statute at the beginning of the charge, the trial court later incorrectly stated that the burden of proof as to want of contributory negligence was upon the plaintiff; and at the conclusion of the charge as to liability it merely called attention to what it had previously charged upon the issue. Its caution to the jury not to indulge in guess or speculation was made particularly applicable to the issue of negligence, whereas there was an even graver danger, in view of the lack of evidence as to the decedent's conduct before the accident, that the jury would arrive at their conclusion as to contributory negligence by that method. The jury might, of course, draw reasonable inferences from the facts proven by direct testimony; *Tomasko* v. *Raucci,* 113 Conn. 274, 155 Atl. 64; but in this case the very elements with reference to the decedent's conduct which the trial court called upon the jury particularly to consider in the portion of the charge we have quoted above, would for the most part be deduced only by a process of speculation rather than by reasonable inference; and by the emphasis placed upon them the trial court in effect invited the very thing against which in one aspect it was cautioning them. We must conclude that the charge did not afford adequate and proper guidance to the jury upon the issue of con-

tributory negligence and did not fairly give to the plaintiff the benefit of the statute.

As this necessitates a decision that there was error, there is no need to consider at length the other assignments of error in the charge. The trial court in instructing the jury in regard to claimed violations of the statutes concerning the operation of automobiles should have specifically instructed them that a violation of any of these statutes would constitute negligence per se. Many of the other claimed errors are the result of subjecting the charge to a microscopic examination in order to point out matters which are of too minor consequence to justify consideration and none present questions likely to arise upon another trial.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.