EDMOND HAWLEY *v.* ROMANO RIVOLTA.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 9, 1944—decided January 25, 1945.

*Frederick C. Hesselmeyer,* for the appellant (defendant).

*Luke H. Stapleton,* with whom was *John R. Thim,* for the appellee (plaintiff).

BROWN, J. This is an action for damages for personal injuries sustained by the plaintiff in consequence of the negligent running of the defendant's truck into the rear of the parked milk truck of which the plaintiff was operator. These facts appear in the finding and are not subject to material correction: The plaintiff as a milk delivery salesman was the driver of a closed body stand-up delivery truck. On February 6, 1943, at about 8:30 a.m., while engaged in delivering milk in Hamden, he drove the truck southerly along the westerly side of Whitney Avenue, which is a fourlane concrete highway, at a speed of about twenty miles per hour. Just before entering the intersection of Whitney Avenue and Lincoln Street, which runs into Whitney Avenue from the east, he began to apply his foot brake and gradually slackened his speed, bringing the truck to a complete stop a few inches from and parallel to the westerly curb at a point about two hundred feet south of Lincoln Street. The application of the foot brake also automatically operated a stop light which was in, and a part of, the taillight. After the truck had been brought to a full stop, the plaintiff pulled on the emergency brake and turned to pick up a carrier of milk bottles when, without warn-

ing, the truck was struck with terrific force from the rear by the defendant's truck, which had been standing at the middle of Lincoln Street about to enter Whitney Avenue when the plaintiff passed. There was no other traffic. The force of the impact knocked the plaintiff violently against the steering wheel and forced milk cases against his back, causing him to topple violently from the truck into the road, and resulting in the injuries complained of. The plaintiff's truck was equipped with no rear-vision mirror. After seeing the defendant's truck as he passed it, the plaintiff neither looked back nor gave any hand signal that he intended to stop. The court rendered judgment for the plaintiff and the defendant has appealed.

During the direct examination of the plaintiff he was permitted over the defendant's objection to show to the court a scar about five inches in length located over the ninth rib on his right side. The scar was the result of an operation performed upon the plaintiff for the removal of a piece of cartilage to relieve a painful injury sustained in the accident. The defendant's objection was predicated upon the fact that there was no allegation in the complaint of this scar as an element of damage. The plaintiff's counsel stated: "We are making no claim as to the scar as an element of damage, but simply as corroboration of the operation." The court properly admitted the demonstration "simply as corroboration of the operation." In its memorandum of decision, however, the court expressly stated that "the resulting scar" constituted one of the "elements of substantial damage." The finding, after describing the scar in connection with the recital of other incidents of the plaintiff's damage in the subordinate facts, in its final conclusions reiterates the statement from the memorandum that the scar constituted a substantial element of the total of $9000 damages

which the court awarded. This conclusion could only be supported by facts found from evidence of the scar offered and admitted solely for the limited purpose above stated, but which the court utilized for another and totally different purpose. In so doing the court was in error. *O'Hara* v. *Hartford Oil Heating Co.,* 106 Conn. 468, 473, 138 Atl. 438; *Fair Haven & W. R. Co.* v. *New Haven,* 77 Conn. 667, 674, 60 Atl. 651; *Vinci* v. *O'Neill,* 103 Conn. 647, 651, 131 Atl. 408. While not essential to this decision, we suggest that any question of a variance as to the scar, which counsel have argued at length, may well be obviated by proper amendment of the complaint before the retrial which must be ordered.

In a case where, as is sometimes the situation, evidence of the facts and circumstances which led up to or resulted in the personal injuries complained of is of but slight or no significance in arriving at a correct appraisal of the nature and extent of such injuries and of the damage therefrom, this court upon reversing a judgment for error which affects the amount of the award only may be warranted in restricting a new trial to the assessment of damages. While the considerations applicable to such a situation in a court case are not in all respects identical with those in one tried to the jury, the same general principle controls. Thus, where the error as to one issue is separable from the general issues, the new trial may be limited to the error found, provided such limitation does not work injustice in view of the other issues or the case as a whole. "But an order for the restriction of the issues will never be made unless the court can clearly see that this is the way of doing justice in that case." *Murray* v. *Krenz,* 94 Conn. 503, 508, 109 Atl. 859. It is a matter for the exercise of this court's discretion. "As a rule the issues are interwoven, and may not be

separated without injustice to one of the parties."
*Ibid.* We deem this to be such a case. Accordingly, a
full trial de novo must be ordered.

It remains to discuss the other errors assigned only
in so far as may prove helpful upon a retrial. In pass-
ing upon the question of the plaintiff's contributory
negligence, the court concluded that "The presump-
tion of due care on plaintiff's part is not rebutted, and
the Court finds the issue of the plaintiff's own due
care in his favor." The defendant has assigned error,
in that thereby the court gave probative effect and
force to General Statutes, Cum. Sup. 1939, §1399e.
One of the defendant's claims of negligence upon the
part of the plaintiff was that he had no rear-vision
mirror upon his truck as required by statute. The
pertinent provision of § 1399e is that the plaintiff shall
be presumed to have exercised due care and the de-
fendant shall have the burden of proving contributory
negligence. Under it, the plaintiff continues to have
the benefit of the presumption "until the adverse
party has produced evidence which, believed by the
trier, affords a basis for finding the circumstances
relevant to the issue of the defendant's liability."
*O'Dea* v. *Amodeo*, 118 Conn. 58, 64, 170 Atl. 486. The
finding must be corrected as claimed by the defendant,
to state that, as the plaintiff knew, at the time of the
accident the truck was not equipped with a mirror, a
fact to which he himself testified on cross-examination.
The defendant was entitled to the benefit of this fact
in the application of the rule just quoted. Under the
circumstances, the presumption dropped out of the
case and the statute became of no significance. In so
far as the conclusion quoted intimates the contrary, it
is erroneous.

The plaintiff's counsel, on the direct examination of
an automotive mechanic employed by the owner of

the milk truck to keep it in proper mechanical condition, asked whether on February 3, 1943, the truck was equipped with a stop light, whether on February 4, 1943, this light was in working order and what the mechanical working of the light was. The defendant objected on the ground that, since the time referred to by the questions was two or three days prior to the accident, the evidence was irrelevant and too remote. The court overruled the objections and allowed the questions, suggesting that the evidence was admissible for such probative value as it might have, since the fact that there was a stop light working on February 4 could be some evidence that it was working on February 6. The ruling was correct. *Johnson* v. *Palomba Co.*, 114 Conn. 108, 113, 157 Atl. 902, 80 A.L.R. 441 and note, 446. One of the allegations of negligence in the complaint was that the brakes on the truck operated by the defendant's driver "were in a defective condition." In response to the plaintiff's inquiry on direct examination of a police officer who had examined the truck shortly after the accident, the officer stated that he "stepped on the brake pedal" and "it went right down to the floor." The defendant's motion to strike out this testimony, as not the proper way to prove defective brakes under our recent decision in *Smith* v. *Finkel*, 130 Conn. 354, 359, 34 Atl. (2d) 209, was properly denied. If a violation of the statute concerning brakes had been claimed, the authority cited would have applied; but the statutory requirement is not exclusive and driving with defective brakes may be negligence at common law. 3-4 Huddy, Cyc. of Automobile Law (9th Ed.), p. 129.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.