**BALCHUNAS et al. v. PALMER et al.**

**No. 51.**

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1945.

George H. Rosen, of New York City (George Green and S. Robert Putterman, both of New York City, on the brief), for plaintiffs-appellants.

E. R. Brumley, of New York City, for defendants-appellees.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

About 7 P.M. on Friday, January 28, 1944, plaintiffs' intestate, Kastanias Radziunas, operating his own motor truck, drove onto the railroad tracks of the New Haven Road, at the Hoyt Street grade crossing in Darien, Connecticut, and was struck and killed about 110 feet south of the crossing by a train bound northerly for New Canaan. There were no eyewitnesses of the accident; but the testimony of the police officer who investigated the death, as well as that of the defendants' engineer and conductor, indicated that the deceased had been proceeding southward along Hoyt Street and, failing to make the crossing in the usual manner or mistaking the tracks for the parallel highway, in the fog or misty rain of the evening, had driven along the railroad right of way with the unfortunate consequences stated. Plaintiffs instituted this action under the Connecticut wrongful death statute, Gen.Stat.1930, § 5987, as amended, Supp.1939, § 1430e, and appeal after a trial resulting in a verdict and judgment for the defendants, the trustees in reorganization of the railroad. Plaintiffs assign as error the court's charge to the jury, particularly as it dealt with the Connecticut statute on pleading and proof of contributory negligence, Gen.Stat., Supp. 1939, § 1399e, the exclusion of evidence of prior accidents at or near the crossing, and the exclusion of certain testimony of the Superintendent of Highways of Darien of conversation with railroad officials concerning additional protective devices at the crossing.

In its charge the court had said: "The burden of proof as to contributory negligence is upon the defendant. He has to supply that evidence." It then went on to state "one exception to that last rule that I gave you, and that is the doctrine of last clear chance," and to give some explanation of that exception. At the close of the charge plaintiffs' counsel, in answer to the usual request for exceptions or requests, asked for a charge that the Connecticut law "provides that in an action for negligently causing the death of a person, it shall be presumed that such person whose death was caused, was at the time of the commission of the alleged negligent act in the exercise of reasonable care." And when the court started to refer to its charge as to the burden of proving contributory negligence, counsel said: "I do not mean on that. I want the jury to know that the decedent was exercising care, and so the Connecticut law holds." The court then said: "So that the jury will not be confused I charge you now that the law merely means what I have already told you, and that is, that the burden of proving contributory negligence is on the defendant. The presumption is overcome by proof. Of course, there is no conclusive proof about it, otherwise the case would not have to be tried. It would mean that everybody who is killed in an accident had to be paid." Then counsel made no further suggestion or exception on this point, but turned to another request he was making on a different point.

844

■ Defendants vigorously urge that no ground of appeal is now open to plaintiffs for lack of a specific objection under Federal Rules of Civil Procedure, rule 51, 28 U.S.C.A. following section 723c. There can be no question, however, that the counsel made his point as to the claimed interpretation of the Connecticut statute and that this was in substance rejected by the court, which accepted the traditional view of presumptions as yielding to proof and refused to accord to the presumption here in question any greater probative force. We think, therefore, the true interpretation of the Connecticut statute is before us.

■ The statute in question, originally passed in 1931 as applicable in death damage claims and extended in 1939 to claims for personal injury or property damage, followed hard upon the case of Kotler v. Lalley, 1930, 112 Conn. 86, 151 A. 433, where the death of the victim resulted in a nonsuit for lack of available witnesses and the court deplored the absence of such a statute. Indeed, the case was further notable for the vigorous dissent of Wheeler, C. J., urging the court itself to change the rule of burden of proof in such cases. See 40 Yale L.J. 484, 1931. There can be no doubt that the statute represents an expression of public policy of the state which should be applied in the federal courts. Palmer v. Hoffman, 318 U.S. 109, 117, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719; and cf. also Federal Rules of Civil Procedure, rule 8(c). The statute perhaps gives some basis for plaintiffs' contention in that it first provides for the presumption that the person injured or killed was "in the exercise of reasonable care" and then in a separate sentence places the burden of proof of contributory negligence upon the defendant.[1] But the language is traditional; and the highest court of Connecticut, in cases not cited to us (the appeal was not extensively briefed by counsel), has authoritatively interpreted it in traditional ways. Thus it has been definitely held error for the trial court to assign probative force to the presumption, for, with evidence, "the presumption dropped out of the case and the statute became of no significance." Hawley v. Rivolta, 1945, 131 Conn. 540, 41 A.2d 104, 106.[2] To the same effect are LeBlanc v. Grillo, 129 Conn. 378, 28 A.2d 127; Toletti v. Bidizcki, 118 Conn. 531, 173 A. 223; LeCount v. Farrand, 118 Conn. 210, 171 A. 623. This is, indeed, a natural interpretation of the statute, which of course we should accept.[3]

■ Hence the trial court was correct, and counsel was in error, as to the meaning of the statute. And we think under the circumstances that the statement here, reiterating the earlier charge as to burden of proof, was adequate and effective, especially since counsel did not challenge its adequacy, but objected more fundamentally to its legal validity. It is, in fact, practically identical with that held adequate in LeCount v. Farrand, supra. Had this colloquy not occurred, there would have been more question about the charge; for, in addition to the bare statement as to burden of proof quoted above, it contained certain vague, if not misleading, statements as to what constituted contributory negligence which possibly may have destroyed the

[1] "In any action to recover damages for negligently causing the death of a person, or for negligently causing personal injury or property damage, it shall be presumed that such person whose death was caused or who was injured or who suffered property damage was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants." Conn.Gen.Stat., Supp.1939, § 1399e.

[2] Since Hawley v. Rivolta, supra, was a trial to the court, no jury charge on burden of proof was involved. In a jury trial a plaintiff receives the full benefit of the statute by a charge that the burden of proving contributory negligence is on the defendant. LeCount v. Farrand, 118 Conn. 210, 171 A. 623.

[3] The Connecticut court has gone so far in reducing the area of statutory effect as to apply the doctrine of "invited error" to hold that a plaintiff who follows the traditional practice of alleging his "due care" loses all benefit of the statute. Colligan v. Reilly, 129 Conn. 26, 26 A.2d 231; Hatch v. Merigold, 119 Conn. 339, 176 A. 266, 96 A.L.R. 1114; 44 Yale L.J. 1483; 9 Conn.Bar J. 282, 286, 290, 296. The Connecticut statute is held to be "procedural in its character rather than one affecting substantive rights." Toletti v. Bidizcki, 118 Conn. 531, 537, 173 A. 223, 225; MacDonald v. Central Vt. Ry., D. C.Conn., 31 F.Supp. 298; 8 Geo.Wash.L. Rev. 1230; 1 F.R.D. 417, 419; 16 Conn. Bar J. 83, 92.

effect of the general charge until it was re-iterated in this form.

■ It is to be said further that the charge, as a whole and without the later colloquy covering also the issue of last clear chance, does give some cause for concern. The charge betrays the court's impression of the weakness of the plaintiffs' case, and there is perhaps an overemphasis upon the possible facts which would tend to show contributory negligence. But as the case developed, the plaintiffs' hopes obviously centered about the last-clear-chance doctrine; and at the end of his colloquy with the court, counsel asked a charge that "if the jury finds that the defendant was negligent and also finds that the plaintiff was negligent then it must consider if the plaintiff has sustained the burden of proof in proving the doctrine of the last clear chance." The court, after asking counsel to "say that again," and counsel's reiteration of the statement, said and repeated—in essentially the same language as counsel—that it had charged as to the burden with reference to last clear chance, saying: "I do not know whether that is what you want. If you want anything else, I will have to deny it because I do not understand it," to which counsel replied, "No, that clarifies it." Whether or not counsel was correct in this, it thus appears that the last word to the jury served to emphasize the important issue in the case and to show at least a possible means of avoiding the damaging evidence of fault upon the part of the deceased. Even on this issue, the evidence was hardly strong enough to persuade that the defendants' engineer would have realized that the deceased was actually upon the tracks, instead of the highway, in time to have stopped the train at its then rate of speed. Under the circumstances we do not think the jury's verdict should be disturbed.

■ Somewhat the same approach should, we think, be made to the errors assigned to the court's refusal to admit proffered testimony. The court well might have admitted the evidence; as we have often pointed out, there is more danger in refusing than in admitting testimony. Dundom v. New York Cent. R. Co., 2 Cir., 145 F.2d 711, 713, citing cases. Here the evidence as to other accidents at the crossing, known to the engineer, might well have been accepted as evidence of the dangerous nature of the crossing and of notice of danger to the railroad. District of Columbia v. Armes, 107 U.S. 519, 526, 2 S.Ct. 840, 27 L.Ed. 618; Sears, Roebuck & Co. v. Copeland, 4 Cir., 110 F.2d 947. But after evidence from the engineer's examination before trial had actually been read to the jury to the effect that he had had two accidents at this crossing and had heard of two others, the court considered the matter at some length and then struck out the evidence as too indefinite. Later when the engineer was on the stand, the court allowed an inquiry as to such accidents, but prevented questions as to accidents north of the crossing, with a car going in the opposite direction to that in which the deceased was travelling; and then counsel brought out that the engineer had never been in an accident where a train going north collided with a vehicle south of the Hoyt Street crossing. Other offers of proof appear also to have involved indefinite hearsay, and at most the accidents north of the crossing. The rulings were strict, but we cannot say that under all the circumstances the evidence was not too uncertain to be excluded under the limitations stated in Sears, Roebuck & Co. v. Copeland, supra, and other cases there cited. So far as it was hearsay, it was clearly properly excluded. Vitakunas v. The Mastco, Inc., 106 Conn. 286, 137 A. 753.

■ As to the conversation of the town Highway Superintendent, the court admitted the fact of the conversation, but not its contents. Since it was offered, and admissible, only on the issue of notice of the danger to the defendants, we cannot say that plaintiffs did not have the full benefit of the testimony to which they were entitled. The issue of the danger inherent in the crossing was fully explored by testimony, photographs, and the court's charge, though naturally it became somewhat overshadowed by the issue of contributory negligence. As the court perceived, the additional evidence added essentially nothing of real persuasive value to the evidence of record. We think no reversal is justified under the circumstances. United States v. Rubenstein, 2 Cir., 151 F.2d 174; Palmer v. Hoffman, supra, 318 U.S. 109, 116, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719; 7 Fed.Rules Serv. 977, and cases cited.

Affirmed.