ANNA MARLEY *v.* THE NEW ENGLAND
TRANSPORTATION COMPANY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 9—decided May 1, 1947

*Edwin H. Hall,* with whom was *Thomas J. O'Sullivan,* for the appellant (defendant).

*Morton E. Cole* and *George C. Lessner,* with whom, on the brief, was *Cyril Cole,* for the appellee (plaintiff).

ELLS, J. The defendant, a common carrier of passengers, operates a bus line between Torrington and Hartford. As the plaintiff, a passenger, attempted to get off at a terminal she slipped and fell on an icy bus step and was injured. The jury returned a verdict for her, and the defendant has appealed from the court's refusal to set it aside and from the judgment.

The defendant does not contend that it was not negligent but claims principally that the plaintiff was guilty of contributory negligence as a matter of law in attempting to get off the bus by means of a step which she knew was in a dangerous condition from

snow and ice. She testified that when she changed busses at Canton she observed that the step of the one that she was about to enter was three-quarters covered with ice and snow and was slippery and dangerous, but that she was careful and had no trouble boarding the bus. When the vehicle stopped at her destination in Hartford she looked at the step and saw that it was still slippery and in a dangerous condition. In attempting to alight she held onto the door casing or framework with her left hand to safeguard herself. She carried a purse in her right hand. While her left foot was on the floor of the bus her right foot slipped on the icy step and she fell to the highway.

Additional facts which the jury reasonably could have found are these: The exit step used by the plaintiff was the only one available to her and to the other passengers; there were no handrails or other adequate safeguards alongside or reasonably near the step; she was following directly behind about twelve other passengers who had alighted in safety; she wore rubbers; the accident occurred after dark, and the bus was lighted; the bus came to a stop in the roadway, about eight feet from the curb, to discharge passengers, and the highway at that point was dark and was icy and slippery.

The defendant claims that there were courses of safe conduct open to the plaintiff: she could have stepped on that part of the step which was not slippery, or she could have asked the driver or another passenger to assist her. To these choices we add another: she could have refused to get off the bus until the dangerous condition had been remedied. The applicable law is that "One who is put in a perilous position by the negligence of another, cannot be

regarded as guilty of contributory negligence if he takes such steps to protect himself as a reasonably prudent person would take, even though he might have avoided the injury by the use of better judgment and by taking a course other than the one he adopted." *Burk* v. *Corrado,* 116 Conn. 511, 515, 165 A. 682, and cases cited; *Ballou* v. *Jewett City Savings Bank,* 128 Conn. 527, 532, 24 A. 2d 260. It was for the jury to find what the present plaintiff's conduct was and then decide whether she took such steps to protect herself as a reasonably prudent person would have taken in view of the known danger. *Congdon* v. *Norwich,* 37 Conn. 414, 420. We cannot hold that the plaintiff was guilty of contributory negligence as a matter of law.

The defendant assigns various alleged errors in the charge. A principal claim relates to the instructions as to the burden of proof on the issue of contributory negligence. The court began its charge on the subject by reading the applicable statute, General Statutes, Sup. 1939, § 1399e, the first sentence of which provides that "In any action to recover damages for negligently causing the death of a person, or for negligently causing personal injury or property damage, it shall be presumed that such person . . . who was injured . . . was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care." The contention is that by reading this sentence the court told the jury that the plaintiff was presumed to be in the exercise of due care and thus gave probative effect to the presumption; that the jury could only get the idea that there is something in addition to the evidence from which they should decide the question of contributory negligence. The defendant overlooks the

fact that the court went on to explain the meaning of the statute, at length, and to state the applicable law exactly as the defendant claims it to be. It is not contended that the court stated the law incorrectly. The reading of the sentence in question, followed as it was by an adequate explanation of our law, could not have misled the jury. We point out, however, that every purpose of the statute is served if, in a case where it applies, the court does not read it to the jury but merely charges them that the burden of proving contributory negligence is upon the defendant and that, if the defendant offers no evidence upon that issue or if the evidence he does offer fails to prove that the plaintiff was negligent by a fair preponderance of the evidence, the plaintiff is entitled to prevail upon the issue. *LeCount* v. *Farrand,* 118 Conn. 210, 212, 171 A. 623; *Voronelis* v. *White Line Bus Corporation,* 123 Conn. 25, 28, 192 A. 265; and see *Balchunas* v. *Palmer,* 151 F. 2d 842, 844. It would make for simplicity in the charge and remove any possibility of confusing the jury if this practice were followed.

The defendant requested the trial court to charge that the plaintiff's conduct in attempting to get off the bus when she knew that it was slippery and dangerous, without asking the bus driver to assist her or to correct the condition of the step, constituted contributory negligence. The court correctly refused so to charge, for the reasons we have already given. We test the motion to set aside the verdict by the evidence and the charge by the finding, but in this case there is no essential difference between them.

The defendant claims that the plaintiff did not offer evidence to prove that the exit-way had no

railings or other adequate safeguards for the use of passengers. There was a pole inside the exit-way running from the floor of the bus to the roof which the defendant claimed was for the use and assistance of passengers who were about to get off. The jury could have found that it was too far inside the bus to be of use for this purpose.

One of the claims of proof of the plaintiff was that she was exercising due care while attempting to alight. The defendant claims that this was a conclusion of law and has no proper place in the finding. Strictly speaking, a conclusion of negligence is ordinarily one of mixed law and fact, involving the determination of the standard of care required and its application to the facts of the particular case. *Davis* v. *Margolis,* 107 Conn. 417, 420, 140 A. 823. It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as matter of fact. *Johnson* v. *Pulidy,* 116 Conn. 443, 445, 165 A. 355. The present case falls within the last category, and the inclusion in the plaintiff's claims of proof of the statement attacked was proper.

The defendant claims error in a statement in the charge that in determining whether the plaintiff was negligent the jury should bear in mind that everyone is entitled to assume that another will exercise reasonable care. The ground of attack is that as the plaintiff knew the step to be slippery and dangerous there could be in her case no such assumption. Granted that this be so, we cannot, in view of the substantially undisputed fact that the plaintiff did know the step to be slippery, see how the defendant suffered harm from the trial court's inadvertent

statement. *Kulinski* v. *Savin,* 125 Conn. 512, 514, 7 A. 2d 436.

There is no error.

In this opinion the other judges concurred.