**FALKERSON et al. v. The NEW YORK, NEW HAVEN & HARTFORD R. CO.**

**No. 204, Docket 21937.**

United States Court of Appeals
Second Circuit.

Argued March 13, 1951.

Decided May 7, 1951.

---

Edward R. Brumley, New York City (Robert M. Peet, New York City, of counsel), for defendant-appellant.

Sydney A. Syme, White Plains, N. Y., for appellee-administratrix.

Before SWAN, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellant is a railroad which maintains a single track branch line in Connecticut on which it runs trains between Stamford and New Canaan. In Springdale this track is crossed, at approximately right angles, by a dirt and gravel private road about ten feet wide over which vehicles pass between the Webb Off-Set factory east of the railroad track and a public highway, called Hope Street, which parallels it to the west. About six o'clock in the afternoon of September 22, 1947, one of the appellant's trains, consisting of a passenger car and a combination baggage and passenger car, and operated by electricity, approached this crossing, known as Koran's crossing, on its scheduled trip from Stamford north to New Canaan at a speed of about thirty-five miles an hour.

As the train approached, Daniel Falkerson, driving a large automobile truck while sitting in its enclosed cab, turned from Hope Street and drove toward the crossing. When his truck was on that crossing the previously mentioned two-car train of the appellant collided with it and Falkerson was killed. His widow was duly appointed administratrix of his estate and brought this suit to recover for his death under the Connecticut statute. Gen.Stat. 1930, Sec. 5987, now Gen.Stat. 1949, § 8296. Falkerson was employed when killed by the owner of the truck, for whom Interboro Mutual Indemnity Company was an insurer under the Connecticut Workmen's Compensation Act, Gen.St. 1949, § 7416 et seq. This insurer, who had made compensation payments in accordance with the Act, was allowed to intervene as a plaintiff. From a judgment on a verdict awarding damages to each plaintiff, the defendant has appealed.

The grounds upon which reversal is sought are that the decedent was guilty of contributory negligence as a matter of law; that error was committed in allowing counsel for plaintiffs to refer, in addressing the jury, to a Connecticut statute relating to pleading and proof of contributory negligence, Gen.Stat. 1949 Rev. § 7836, and in dealing with that statute in the charge; and that there was additional error in failing to charge in other respects as requested.

It should now be stated that the train was operated by an engineer seated at the front end of the first car. The rest of the crew consisted of a conductor and a baggage man but the only living eye witness of the accident was the engineer. He testified that he had blown the whistle for Koran's crossing when the train was about eight hundred feet to the south of it by giving a long blast and then a short one followed by a long. There was another private crossing about two hundred feet south of Koran's for which he said he whistled. When, however, the train was only about twenty-five or thirty feet from Koran's crossing he saw to his left a truck approaching the crossing eight or ten feet away. The truck then appeared to have no chance to stop before reaching the crossing, did not slow down, and the engineer immediately put on his emergency brakes with the result already stated. There was evidence that the private road leading from Hope Street to Koran's crossing was bordered on the south by bushes which greatly obstructed the view of a train approaching from the south, and whether the decedent could have seen the train in time to avoid the accident without stopping to look before going on the crossing was, to say the least, left in doubt by the evidence.

Section 7836 of the Connecticut General Statutes, 1949 Revision, provides: "In any action to recover damages for negligently causing the death of a person, or for negligently causing personal injury or property damage, it shall be presumed that such person * * * was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable

care. If contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants."

We considered the effect of this statute in Balchunas v. Palmer, 2 Cir., 151 F.2d 842, and adhere to what was there said respecting its applicability in a trial in a federal court where, as here, federal diversity jurisdiction is invoked. As we then held, in accepting the interpretation the court of last resort in Connecticut had put upon the statute in cases there cited, the presumption merely casts the burden of proof of contributory negligence upon the defendant, and it is error to give it any probative force when evidence sufficient to support a finding as to contributory negligence is produced. See Hawley v. Rivolta, 131 Conn. 540, 41 A.2d 104; Le Blanc v. Grillo, 129 Conn. 378, 28 A.2d 127. Here there was such evidence in the testimony as to the obstruction of the view from the private road to the south, the sudden emergence of the truck into sight just before the collision, and the blowing of the train whistle.

On this basis, the appellant contends it was reversible error to mention the presumption at all, because the jury might have been misled into believing it had a continuing probative force independent of the evidence. But this record presents not only the question whether the use made of the statute was reversible error but whether in any event objection to that was waived. The first mention of the statute in the presence of the jury was in the opening statement of the attorney for the administratrix, at which the defendant's attorney objected to any reference to "the Connecticut law at this time." The judge remarked that what had been said was, he thought, harmless, and that was apparently accepted as so by all concerned, for the attorney for the insurance company said he was also about to refer to the law, was told that he might, and then made an opening statement, not in the record, to which no objection was made.

During his summation, counsel for the administratrix again referred to the statute and stated his intention "to take a few words from it." When permission to do so was given, the attorney for the defendant objected and the judge remarked, "The jury will be properly instructed at the proper time. Counsel says that the reading of this statute will aid and assist him in the presentation of his argument." To this defendant's attorney replied, "Just so long as it is understood as to whether your Honor will charge whether it is applicable or not later on, and the jury accepts the law from his Honor." The judge then said, "The jury will be so instructed." Nothing more was said about that by counsel for the defendant and we think it evident that he acquiesced and pressed no objection to what was done.

The charge on the subject was as follows:

"On that matter the law of Connecticut says that this chauffeur having been killed as a result of this accident is presumed to be free of negligence. The law of Connecticut says that the burden of proving negligence on the part of the chauffeur rests upon the defendant, in this case upon the railroad. The railroad then has the burden of proving that this chauffeur, the deceased, was negligent and the railroad must prove that to your satisfaction by a fair preponderance of evidence. They have the burden of proof on that matter.

"Now, if you find that the railroad has sustained that burden of proof and has proved to your satisfaction by a fair preponderance of evidence that the deceased, the chauffeur of the truck, did not exercise such reasonable care and prudence as would be exercised by a reasonably prudent chauffeur under the circumstances—if you find that they have sustained that burden, then your verdict must be for the defendant."

What was said by the attorney for the railroad in respect to this subject in stating his objections to the charge sheds considerable light upon why, when he had previously questioned the right of counsel to mention the statute and to read part of it to the jury, he was content to let the

matter rest upon the assurance that the judge would deal with the subject in the charge. He was then of the opinion that the Connecticut statute was not applicable in a suit in a federal court in a district outside of Connecticut and, that being the gist of his objection, he did not press it when opposing counsel presented their statements and argued to the jury on the basis of its applicability. Of course, if the judge charged the statute out of the case such trial strategy might have been effective.

█ What occurred after the charge shows that the railroad's trial counsel so subordinated the objection now argued to the one then emphasized that we cannot escape the conclusion that the judge did not realize that the latter was intended to be made the basis of an exception. Appellant's attorney said, "I first want to except to a reference in your charge to the Connecticut statute as to the presumption of care of the decedent, on the ground that it is not applicable in this case. That is a matter of procedure and on which New York law should control in this court." The judge said, "Your exception is noted on the record. I think it is a matter affecting the substantial rights of the litigant. By the way, you have not any case in point, have you?" The attorney answered, "I have not found any one way or the other, Judge." Then the judge reiterated, "I believe it is a matter affecting the substantial rights of the litigant, and I feel it has to be applied." In reply to that counsel for the first time mentioned, in what we can only regard as a sort of off-hand way, the basis of the objection now pressed, "I do have a Connecticut case in which it is said that the matter should be presented to the jury without mentioning the presumption, without mentioning the statute." To that the judge replied, "Very well," and the subject was dropped. The charge above quoted would have been improved by an explicit statement to the jury that the presumption had no probative effect, and that whether the decedent was guilty of contributory negligence was to be determined solely upon the evidence presented. But as much was implied in

what the judge did charge, for while he did mention the statutory presumption it was implicit in what he said that the jury should find from the evidence whether the railroad had sustained its burden of proving contributory negligence. The jury was plainly told that if the railroad had discharged that burden the verdict should be for it, and this explanation was sufficient to cure the error, if any. Marley v. New England Transportation Co., 133 Conn. 586, 53 A.2d 296. If not satisfied with the manner in which the effect of the statute was charged, after being allowed an exception to the failure of the court to charge the statute out of the case, counsel should have made that point plain and given the judge a chance to supplement what he had said to make the matter clear beyond question, i. e., to make explicit what was already implicit in what he had said. See Rule 51, F.R.C.P., 28 U.S.C.A.

█ The real objection which the appellant's counsel was making was, as above pointed out, to the applicability of the statute in any respect, and it, together with the exception then allowed, has been expressly waived by the appellant in view of our decision in Balchunas v. Palmer, supra, with the result that reliance has been shifted to an objection not plainly enough made. It is probable that the jury was not at all misled as to the effect of the Connecticut statute, but in any event the appellant has, for the reasons above given, no just complaint on that score.

█ Whether the truck driver was guilty of contributory negligence as a matter of law cannot be decided merely by reference to the above-mentioned Connecticut statute which but casts upon the defendant the burden of proof on that subject and drops out of the case when the defendant introduces evidence in discharge of that burden. And so the appellant may, as it does, rely upon cases decided before the statute became effective to support its contention that the decedent must have been guilty of contributory negligence to have allowed his truck to get in front of the train where it would be hit as it was. But the expressions found in opinions in cases decided previous to

the statute should be read in the light of the changes wrought by it. In Connecticut, due care requires the driver of a vehicle, approaching a railroad grade crossing and intending to drive over it, to look before driving upon the crossing for oncoming trains and to do so at a point far enough away to permit him to stop his truck before it reaches the crossing. Douglas v. New York, New Haven & Hartford R. Co., 110 Conn. 145, 147 A. 289. More generally the requirement to use due care calls for caution in each instance proportionate to the danger. Cottle v. New York, New Haven & Hartford R. Co., 82 Conn. 142, 72 A. 727. But this is not to say that whenever the circumstances are such that it seems sure that if a driver had looked he would have seen an approaching train, he is guilty of contributory negligence as a matter of law if his vehicle is hit by a train on a crossing. It does not follow that, because the law requires caution commensurate with the danger, there is a lack of due care and so contributory negligence whenever the danger is not obviated. Judgment so unerring is not an ingredient of the due care required of persons driving vehicles over railroad grade crossings, and the happening of an accident does not always mean that the vehicle driver hasn't taken what precautions the law requires. This decedent, for all this evidence shows, may have looked and seen the train in ample time to have stopped before going onto the crossing and he may have reasonably believed from what he saw that he could safely cross ahead. With the burden of proof on the defendant, the possibility that the accident may have been due not to any negligence on the part of the decedent but to a mistake in judging speed and distance which a careful driver might reasonably have made prevented decision as a matter of law and took the question to the jury.

Exception was taken to various requests to charge which stated in specific language the respective rights and duties of the decedent and of the railroad at the critical times and places involved. In so far as they should have been complied with they appear to have been given in substance and we can discover no reversible error in that respect.

Only one thing more seems to require attention. It has been suggested, in reliance upon Stavola v. Palmer, 136 Conn. 670, 73 A.2d 831, that because this was a private crossing failure to whistle for it would not have been actionable negligence. We do not read that case so to hold but rather to stand for the proposition that the kind of a whistle signal which the Connecticut law requires to be given at a public highway crossing a railroad at grade is not necessarily needed at a private one. However, at a private crossing due care may require a railroad to give reasonable warning of the approach of its trains. Ulrich v. New York, New Haven & Hartford R. Co., 98 Conn. 567, 119 A. 890; Pomponio v. New York, New Haven & Hartford R. Co., 66 Conn. 528, 34 A. 491, 32 L.R.A. 530. That is in accord with the charge here given.

Judgment affirmed.