**Irene W. QUISENBERRY and Bruce W. Quisenberry, Appellants,**

v.

**Samuel HERMAN and Clara H. Herman, Appellees.**

**No. 13416.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 6, 1956.

Decided March 28, 1957.

Mr. Leonard Braman, Washington, D. C., with whom Mr. Alvin L. Newmyer, Washington, D. C., was on the brief, for appellants. Mr. Alvin L. Newmyer, Jr., Washington, D. C., also entered an appearance for appellants.

Mr. Allan C. Swingle, Washington, D. C., with whom Messrs. Edwin A. Swingle and Ernest A. Swingle, Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

The appellants, Irene and Bruce Quisenberry, called on their friends Samuel and Clara Herman, who are the appellees here. Each of the four had two or three gin drinks,[1] after which Mrs. Herman undertook to drive the Quisenberrys home in her husband's automobile. This was done with her husband's consent. All three sat in the front seat, with Mrs. Quisenberry in the middle. As they were proceeding, Mrs. Herman suddenly turned the car to the right, causing it to strike a parked vehicle. Mrs. Quisenberry later sued the Hermans to recover for serious injuries she sustained in the accident, and her husband sued for loss of consortium.

Mrs. Herman said she was stimulated by the drinks but not intoxicated, and the other witnesses said she did not appear so. She attributed the accident to Quisenberry's sudden cry of "Look out," which startled her and caused her to turn to the right. Quisenberry said he shouted only after she had turned and headed toward the parked vehicle.

The jury having found for the defendants, the Quisenberrys appeal. They argue the trial judge erred (a) in submitting to the jury the issue of assumed risk because, they contend, there was no evidence to support it; and (b) in failing to give a proper instruction on that issue.

We had occasion to consider the application of the assumption of risk doctrine to situations of the present sort in Weber v. Eaton, 1947, 82 U.S.App. D.C. 66, 160 F.2d 577. In that case there was evidence that the driver had taken two drinks and that the odor of alcohol was noticeable on his breath after the accident. This court concluded, "[T]here was evidence before the jury from which it could have concluded that [the driver's] negligence caused the injuries, that his negligence was brought about by the drinks which he had taken a short time before the accident, and [plaintiff] knew of his drinking when she entered the car. The jury should have been told, therefore, that if it believed the evidence and drew therefrom the conclusions to which reference has just been made, it could not find a verdict for [plaintiff]." Id., 82 U.S.App.D.C. at page 68, 160 F.2d at page 579. In the instant case, the driver consumed two or three drinks in the presence of the plaintiffs, and a police officer testified that an odor of alcohol was noticeable on her breath shortly after the accident. The jury could reasonably have concluded that the driver's negligence caused the injuries and was brought about by the drinks, and, from the testimony of all parties, must have concluded that plaintiffs knew of the driver's drinking when they enter-

1. Of the variety known as "Tom Collins."

ed the car. An assumption of risk instruction was therefore appropriate.

We need not consider appellants' objection to the form of the instruction, as this alleged error was not urged upon the trial court in accordance with Fed. Rules Civ.Proc. rule 51, 28 U.S.C.A. While appellants did indicate their position that no charge on the question of assumption of risk should have been given, they did not, when given the opportunity, object to the form of the charge as given or indicate wherein it was deficient. Cf. Falkerson v. New York, N. H. & H. R. Co., 2 Cir., 1951, 188 F.2d 892, 896.

Affirmed.