ANTHONY GREBLOSKI, JR., ET AL. *v.* HENRY FAUX

KING, C. J., MURPHY, ALCORN, HOUSE and BOGDANSKI, JS.

Argued April 8—decided April 28, 1964

*Lawrence B. Schwartz,* for the appellants (plaintiffs).

*Ronald D. Williams,* with whom was *William B. Rush,* for the appellee (defendant).

PER CURIAM. The plaintiffs are father and son. The defendant was the operator of an automobile which, about 1 a.m. on the morning of January 6, 1962, struck the rear of the father's car, then being operated by the son, as it was pulling away from a stop sign at which it had stopped. The son sought recovery for alleged injuries, and the father for damage to the left rear of the car. The jury returned a verdict for the defendant which the court refused to set aside, and the plaintiffs have appealed.

The plaintiffs are not entitled to any corrections in the claims of proof in the finding. The jury could find that visibility was poor due to fog and rain, that the road was slippery, that the defendant had slowed his car from a speed of twenty miles an hour because he knew of the stop sign, that the fog was heavy at this point, and that the defendant applied his brakes when he saw the unlighted rear of the plaintiffs' car but was unable to prevent his car from sliding on the icy road into the plaintiffs' car. The injuries which the son claimed to have sustained were the same as the injuries which he had suffered in another accident, two and a half months before, and from which he had not recovered. The court was not in error in denying the motion to set aside the verdict.

The plaintiffs have not established reversible error in the charge. The charge on the burden of proving contributory negligence at least met the minimum suggestions in *Marley* v. *New England Transportation Co.,* 133 Conn. 586, 590, 53 A.2d 296, and it was not necessary specifically to refer to the statute on the subject. *Voronelis* v. *White Line Bus Corporation,* 123 Conn. 25, 28, 192 A. 265. The plaintiffs excepted to the charge on sudden

emergency because it had not been pleaded as a special defense. It need not be. *Pareles* v. *McCarthy*, 149 Conn. 238, 243, 178 A.2d 155. The other claims of error in the charge were not properly raised in the trial and will not be considered. The other assignments of error have no merit.

There is no error.