[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
This is an action against a restaurant for alleged food poisoning resulting in hepatitis, brought under the Consumer Product Liability Act, Conn. Gen. Stats. secs. 52-572 et seq. The defendant restaurant impleaded City Fish Market, Inc., alleging negligence and indemnification. Motions for Summary Judgment have been filed by both the defendant restaurant and the third party defendant on the ground that plaintiff has failed to establish that her alleged injuries were caused by food consumed at defendant's restaurant in that the plaintiff's physician, in deposition testimony, has failed to state with a reasonable degree of medical probability that the plaintiff contracted the hepatitis virus at the defendant restaurant. Affidavits in oppositions to the motions have been filed by plaintiff.
I.
In the case of the Motion by the Third Party defendant, it CT Page 8335 is not appropriate for a third party defendant to move for summary judgment on a complaint not addressed to it, and its Motion for Summary Judgment is denied with respect to the plaintiff. With respect to its Motion for Summary Judgment addressed to the third party plaintiff, that motion has not been argued and is not presently before the court.
II.
Our Supreme Court has defined proximate cause as an actual cause that is a substantial factor in the resulting harm. Coburn v. Lenox Homes, Inc., 186 Conn. 370, 383, 441 A.2d 620
(1982). "Proximate cause results from a sequence of events unbroken by a superseding cause, so that its causal viability continued until the moment of injury. . . ." Id. The issue of proximate causation is ordinarily a question of fact. Trzcinski v. Richey, 190 Conn. 285, 295, 460 A.2d 1269 (1983). "It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one too be determined by the trier as a matter of fact." Id., quoting Marley v. New England Transportation Co., 133 Conn. 586, 591
(1947).
It is clear that a genuine issue of material fact exists as to whether the meal consumed by the plaintiff, served by the Adams Mill Restaurant and supplied by City Fish Market, Inc. proximately caused the plaintiff's illness. Defendant stresses that Dr. Robbins, the only expert disclosed by plaintiff was unable, at his deposition, to state with a reasonable degree of medical probability that the particular meal she ate at the defendant restaurant on September 15, 1988, is where she received the hepatitis virus. Quite aside from the other statements Dr. Robbins made in the deposition indicating proximate cause between the illness and the food consumed on that date, the deposition testimony of Dr. Robbins, no matter how it is viewed, does not eliminate the factual issues as to causation, so as to justify a motion for summary judgment.
Defendant argues further that expert medical testimony is required to establish causation between the plaintiff's illness and the meal in question. "Under some circumstances, [the Connecticut Supreme Court] has held that expert testimony is required to establish causation." Aspiazu v. Orgera, 205 Conn. 623,630 535 A.2d 338 (1987). The issue of whether the effect of consuming contaminated food upon the human body is within the common knowledge of lay witness or whether expert testimony is needed to establish causation in a products liability action have not been decided in Connecticut. CT Page 8336
Motions for Summary Judgment addressed to the plaintiff, Helene H. Shay, are denied.
WAGNER, J.